[S. F. No. 7833. In Bank.—May 4, 1916.]

## J. H. WEISER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—EMPLOYER INSURED AGAINST LIABILITY AT TIME OF INJURY—REVOCATION OF CARRIER'S RIGHT TO DO BUSINESS IN STATE.—Under section 34 of the Workmen's Compensation Act, an employer who, at the time of an injury to his employee, is insured against liability for compensation with an insurance company then authorized to transact such business in this state, and who serves on the person claiming compensation and on the insurance carrier, and files with the Industrial Accident Commission, the notices required by that section, is relieved from liability for compensation, notwithstanding the fact that at the time of

service of the notice on the insurance carrier its right to do such business in the state had been revoked.

ID.—SERVICE OF NOTICE ON INSURANCE CARRIER.—The fact that the insurance carrier, subsequent to the suffering of the injury, is deprived of its right to further transact such insurance business in the state cannot deprive the employer of the right to make any service of notice upon it that is essential to full compliance with the terms of the section.

APPLICATION for a Writ of Certiorari directed to the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Walter H. Linforth, for Petitioner.

Christopher M. Bradley, for Respondents.

ANGELLOTTI, C. J.—This was a proceeding in *certiorari* to annul an award of the Industrial Accident Commission in favor of one Alina Waara against both petitioner and the Commonwealth Bonding & Casualty Insurance Company, on account of the death of her husband, Arthur Waara, in so far as said award was against petitioner. After oral argument the court from the bench gave its judgment annulling the award against petitioner, orally stating the grounds of the decision. That such grounds may remain of record, this opinion is filed.

Said Arthur Waara was killed on August 26, 1915, by reason of an accident in the course of his employment by petitioner. *At the time of such accident and death* the petitioner was insured by the Commonwealth Bonding & Casualty Insurance Company, a company then authorized to transact such business in this state, against liability for the full amount of compensation payable or that might become payable under the terms of the Industrial Compensation Act to his widow, Alina Waara, or any other person claiming compensation. In the findings of fact the Industrial Accident Commission found that said insurance company was at the time of said accident and death the insurance carrier for petitioner and had insured him against liability for compensation for such death.

The act provides (section 34) (Stats. 1913, p. 299) that under such circumstances the employer may serve on any person

claiming compensation and upon the insurance carrier a notice that the carrier has in its policy contract or otherwise assumed and agreed to pay the compensation, if any, for which the employer is liable, and may file a copy of such notice with the commission. It is then provided: "If it shall thereafter appear to the satisfaction of the commission that the insurance carrier has, through the issuance of its contract of insurance or otherwise, assumed such liability for compensation, such employer shall thereupon be relieved from liability for compensation to such claimant and the insurance carrier shall, after notice, be substituted in place of the employer in any proceeding theretofore or thereafter instituted by such person to recover such compensation, and the employer shall be dismissed therefrom."

The proceeding before the commission was instituted by Alina Waara against both petitioner and the insurance carrier. In his answer to the application of said Alina Waara petitioner set up the fact of such insurance, and alleged the serving of the notice referred to in section 34 on her and on the carrier, and the filing of a copy of said notice with the commission. No finding was made as to the alleged service and filing by the commission, but it was conceded here that the evidence showed that the notice was served on Alina Waara as alleged, and a copy of the notice filed with the industrial commission as alleged. The notice was also served on the insurance carrier at the same time, in October, 1915, but it is claimed that such notice could not then be legally served on the insurance carrier, for the reason that its right to do such business in the state had been revoked. We are satisfied that this fact cannot be held to affect the rights of petitioner. The law clearly requires that the employer shall be relieved from all liability for compensation "*if, at the time of the suffering of*" the injury for which compensation is claimed, he is insured against liability for the full amount of compensation payable or that may become payable, by an insurance carrier *then* authorized to so insure him under the laws of the state. It is the situation *at the time of the suffering of the injury* that controls as to relief from liability. Assuming for the purposes of this decision that the notice must be served and filed by the employer in all respects as provided in section 34 of the act before exemption from liability can be claimed, it is clear that the fact that the insur-

ance carrier is, subsequent to the suffering of the injury, deprived of its right to further transact such insurance business in the state, cannot be held to deprive the employer of the right to make any service of notice upon it that is essential to full compliance with the terms of the section.

Upon the showing made the industrial commission was bound to relieve petitioner from liability for compensation to the claimant and dismiss him from the proceedings. It had no power, in view of the law, to make any award against him for such compensation. For this reason the award of the commission was annulled in so far as the petitioner Weiser is concerned, thus leaving the same as an award against the insurance carrier only.

Shaw, J., Melvin, J., Sloss, J., and Lawlor, J., concurred.