[Civ. No. 11566. Second Appellate District, Division One.—September 22, 1938.]

HARRY CARLETON COFFIN, Jr., a Minor, etc., Respondent, v. WILLIAM BLOODWORTH et al., Appellants.

Lorrin Andrews for Appellants.

John E. Martin for Respondent.

DORAN, J.—This is an appeal by defendants in an action for damages. The plaintiff and respondent, while in the employ of appellants, undertook to replace an electric light bulb on the roof of appellants' service station, and while doing so fell to the ground, a distance of about sixteen feet. Certain injuries sustained as a result of the fall, together with the alleged negligence of appellants, are the basis of the action herein.

Appellants at the time of the accident had neither compensation insurance nor a "certificate of consent to self-insure" from the Industrial Accident Commission, as provided by the workmen's compensation laws. Plaintiff recovered judgment, from which defendants appeal.

It is contended by appellants that the superior court was without jurisdiction to try the case because compensation had been fully paid at the time of the bringing of the suit. Such contention is based on the fact that appellants fully compensated plaintiff for hospital and doctor bills and for all medical and surgical treatment required as a result of the accident, as well as for wages in full during total disability and for wages in part during partial disability, which it is pointed out by appellants more than meets the requirements of the Workmen's Compensation Act. It is argued in that connection that:

"Jurisdiction of the superior court to try claims of an employee against his employer for damages *arises only when the compensation is unsecured* and that compensation must be *unsecured* at the time the action is filed, since the jurisdiction

of a court is acquired when the complaint is filed. (See Code Civ. Proc., sec. 416.)

"It is, therefore, respectfully submitted that, although at the time the respondent was injured, his compensation was at that time unsecured, nevertheless it was paid in full before the action in the superior court was filed, and the need for it *being secured* by reason of it having been paid in full, no longer existed. These conditions removed from the superior court all grounds of jurisdiction under the statute."

The foregoing argument is untenable. The test of the jurisdiction of the superior court under such circumstances is to be found in the Workmen's Compensation Act, wherein it is provided, in section 29 thereof:

"A. Every employer, as defined in section 7 hereof, except the state and all political subdivisions or institutions thereof, shall secure the payment of compensation in one or more of the following ways: (1) By insuring and keeping insured against liability to pay compensation in one or more insurance carriers duly authorized to write compensation insurance in this state. (2) By securing from the Commission a certificate of consent to self-insure, which may be given upon his furnishing proof satisfactory to the Commission of ability to carry his own insurance and pay any compensation that may become due to his employees. . . .

"If any employer shall fail so to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the Commission, and in addition thereto such employee or his dependents may bring an action at law against such employer for damages the same as if this act did not apply. . . . "

Thus it will be seen that the defendants, having failed to "secure the payment of compensation" and having failed to "secure from the Commission a certificate of consent to self-insure", are therefore subject to the provisions of the act last above mentioned which vests the superior court with jurisdiction. The phrase "secure the payment of compensation" has reference to the time before a contingency arises that requires the payment of such compensation and not, as contended by appellants, the actual payment thereof.

Appellants' further contentions that the damages awarded are contrary to the law and the evidence and that the pre-

sumption of negligence placed upon the defendants by the statute was overcome by the overwhelming weight of evidence, are without merit. The findings of fact are abundantly supported by the evidence.

Finally it is contended that a motion for a new trial based on newly discovered evidence should have been granted. Said motion was supported by six affidavits, four of which were executed by witnesses who had testified at the trial. A fifth was executed by one of appellants' attorneys, and the sixth by an individual who was present in the courtroom during the trial. These affidavits were contradicted by affidavits filed in support of plaintiff. The question raised by the motion was addressed to the sound discretion of the trial court, and there appears to be no reason why its decision should be disturbed.

For the foregoing reasons, the judgment is affirmed.

York, P. J., and White, J., concurred.