[Civ. No. 19428. Third Dist. Mar. 31, 1981.]

RONALD L. JACKSON, Plaintiff and Appellant, v.
CITY OF SACRAMENTO et al., Defendants and Appellants.

COUNSEL

Marsh & Marsh, Marsh, Marsh & Glusman, Siona D. Windsor and Harry M. Marsh for Plaintiff and Appellant.

James P. Jackson, City Attorney, and Samuel L. Jackson, Deputy City Attorney, for Defendants and Appellants.

OPINION

**REYNOSO, Acting P. J.**—The trial court decreed that a peremptory writ of mandate issue commanding defendants to accept a prior Workers' Compensation Appeals Board decision as binding upon the issue of industrial causation of injuries in a hearing before the Retirement Hearing Commission of the Sacramento City Employees' Retirement System. We conclude that the trial court erred in finding that collateral estoppel (or res judicata) is applicable. We explain later that while the trial court spoke of res judicata it is collateral estoppel with which we deal. Plaintiff claims a mental disability. We hold that no identity of issues exists where the retirement system, unlike the workers' compensation statute, limits eligibility to physical disability. Accordingly, we reverse and remand the matter for trial.

Defendants City of Sacramento et al., appeal from a judgment of the Superior Court of Sacramento County in favor of plaintiff Ronald L. Jackson. Plaintiff cross-appeals from the judgment. On appeal defendants raise several contentions, including the one we find dispositive, that the trial court erred in applying the doctrine of collateral estoppel. Since we remand we do not reach other issues.

I

The parties are in agreement as to the essential facts. Plaintiff was employed by the City of Sacramento from 1956 until 1976. In his early years, from 1956 until 1960, he was employed by the parks and recreation department, and from 1960 until 1976 he served as a police officer. Plaintiff ceased his employment in April 1976 and shortly thereafter filed an application for workers' compensation benefits. He also filed an application for industrial disability benefits through the city's retirement program.

Plaintiff's petitions were decided as follows. First, the Workers' Compensation Appeals Board ruled in plaintiff's favor. In December 1977 it issued a decision granting benefits to plaintiff. The board found that plaintiff had suffered psychiatric injury arising out of and in the course of his employment as a police officer, and that his injury rendered him 64 percent disabled. Second, thereafter an administrative law judge ruled against his disability retirement application before the city. The decision of the Workers' Compensation Appeals Board was introduced into evidence at the hearing. Nonetheless, the administrative law judge issued a proposed decision to the effect that mental disability was not covered as an industrial disability by the city retirement program. Accordingly, it was recommended that the application for industrial disability be denied.[1] Thereafter, the retirement hearing commission accepted the proposed decision of the administrative law judge.

The trial court held that the finding of the Workers' Compensation Appeals Board was res judicata and binding upon the retirement commission. The court indicated that it disagreed with the result, but felt compelled by appellate court decisions. The court thus declined to consider any other issue in the case. The judgment which was ultimately issued commanded the defendants to accept the Workers' Compensation Appeals Board decision as binding on the issue of industrial causation.

---

[1] The relevant portions of the proposed decision are as follows:

"III

"Section 413 of the City Charter defines *industrial* disability as an incapacity by reason of any bodily injury or physical illness caused by or incurred in the performance of duty.

"Section 415 defines *ordinary* disability as an incapacity by reason of a bodily injury or physical or mental illness.

"VI

"Appellant suffers from hypertension or high blood pressure. It is not disabling.

"Appellant has a hiatal hernia. It is not disabling. It did not arise out of or occur in the course of employment.

"Evidence established that Appellant is not suffering from any organic heart disease.

". . . . . . . . . . . . . . . . .

"VII

"Appellant suffers from a mental condition characterized by several types of nuerotic disorders including anxiety and depressive neurosis and psychophysiologic disorders. These disorders are chronic.

"Such mental disorders have disabled Appellant from performing the duties of a police officer.

"It was not established that any such mental disorders or any related physical symptoms were caused by or incurred in the performance of employment." (Italics in original.)

## II

■ Res judicata and collateral estoppel give conclusive effect to a former judgment in subsequent litigation involving the same controversy. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 147, p. 3292.) In a new action on the same cause of action a prior judgment for the defendant acts as a complete bar to further litigation, and a prior judgment for the plaintiff precludes litigation because it results in a merger, superseding plaintiff's claim by a right of action on the judgment. (*Id.*, § 148, at p. 3293.) ■ In a new action on a different cause, the former judgment is not a complete merger or bar, but is effective as a collateral estoppel, being conclusive on issues actually litigated in the former action. (*Ibid.*)

■ The doctrines of res judicata and collateral estoppel are based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 811 [122 P.2d 892].) The purposes of the doctrines are to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, and to provide repose by preventing a person from being harrassed by vexatious litigation. (*People* v. *Taylor* (1974) 12 Cal.3d 686, 695 [117 Cal.Rptr. 70, 527 P.2d 622].) In determining whether the doctrines are applicable a court must balance the need to limit litigation against the right to a fair adversary proceeding in which a party may fully present his case. (*Ibid.*)

In the case at bench we are not concerned with the merger or bar aspects of res judicata. The cause of action for retirement benefits is manifestly not the same cause of action as the application for workers' compensation benefits. Thus, we do not deal with res judicata. Rather, we are concerned with the application of collateral estoppel; more particularly, we are to decide whether the factual findings of the Workers' Compensation Appeals Board are binding upon the retirement commission.

Defendants argue that collateral estoppel is not applicable in this case.[2] ■ It is established that Workers' Compensation Appeals

[2]Defendants also contend that the issue of collateral estoppel was not raised in a timely manner. Merger or bar must be raised in the pleadings if there be the opportunity to do so; however, collateral estoppel involves conclusive evidence of a factual issue

Board is an adjudicatory body whose decisions may be given such effect. (See *French* v. *Rishell* (1953) 40 Cal.2d 477, 480 [254 P.2d 26].) However, there are three requirements which must be shown before collateral estoppel applies in this context. First, the issue decided in the prior litigation must be identical with the one presented in the action in question. Second, there must be a final judgment on the merits. Third, the party against whom the plea is asserted must have been a party or in privity with a party to the prior adjudication. (*Bernhard* v. *Bank of America, supra*, 19 Cal.2d at pp. 812-813.) It is the burden of the person asserting collateral estoppel to prove that each of the requirements for application of the doctrine have been met. (*Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 257 [142 Cal.Rptr. 414, 572 P.2d 28].)

█ We conclude that plaintiff has failed to meet his burden of proof in establishing an identity of issue. The city retirement plan grants industrial benefits to one who becomes incapacitated and unable to perform his duty by reason of any bodily injury or physical illness "caused or incurred in performance of his duty . . . ." (City charter, § 413.) Workers' Compensation provides benefits for injuries "arising out of and in the course of the employment . . . ." (Lab. Code, § 3600.) Thus, the standards set by each board are markedly different. In order to qualify for industrial disability under the city retirement plan, the requirements are more stringent than those of the workers' compensation plan. Moreover, plaintiff has presented no evidence to establish that defendants' retirement standards or interpretation of those standards is identical. Plaintiff merely states that the issue involved in both proceedings was whether his injuries were "work related." We disagree.

The issue for workers' compensation purposes is whether the injury, physical *or* mental, is work related. The retirement board addresses two separate and distinct issues, to wit, whether plaintiff's disability meets the requirements of an *industrial* disability which entails a bodily injury or a physical illness (but excludes a mental disability), and whether the disability was incurred in the performance of his duty. This is clearly distinct from the simple requirement of work relatedness imposed by the Workers' Compensation Board. Thus, the issues of industrial disability and work relatedness are substantially divergent. (See for

and no special pleading is required. (*Solari* v. *Atlas-Universal Service, Inc.* (1963) 215 Cal.App.2d 587, 592-593 [30 Cal.Rptr. 407].) Plaintiff placed the decision of the Workers' Compensation Appeals Board into evidence at the hearing of his retirement claim, and thus the matter was appropriately raised.

example *Saala* v. *McFarland* (1965) 63 Cal.2d 124, 128-130 [45 Cal. Rptr. 144, 403 P.2d 400]; *McIvor* v. *Savage* (1963) 220 Cal.App.2d 128 [33 Cal.Rptr. 740].) Having failed to establish the requisite identity of issues, we find the doctrine of collateral estoppel inapplicable.[3]

 Collateral estoppel is not an inflexible, universally applicable principle; policy considerations may limit its use where the limitation on relitigation underpinnings of the doctrine are outweighed by other factors. (*Kelly* v. *Trans Globe Travel Bureau, Inc.* (1976) 60 Cal.App.3d 195, 202 [131 Cal.Rptr. 488].) "The adverse effect of the potential of collateral estoppel upon the economic balance of civil litigation is particularly undesirable in workers' compensation proceedings. The policy of the workers' compensation law is to secure the quick and, where possible, certain resolution of questions of coverage. Any doctrine which encourages delay in final resolution by the exercise of procedural and appellate steps is counter to the policy." (*Id.*, at pp. 202-203.)

We conclude that the trial court erred in holding that the doctrine of collateral estoppel applies in this case. Since the trial of the remaining issues was not held due to the trial court's determination that collateral estoppel applies, the matter must be remanded for trial in accordance with the views we have expressed. We declined to address the issues raised in the cross-appeal; since the result we reach requires that those issues be tried the cross-appeal is moot.

---

[3]In reaching this conclusion, we note also the split in authority on the issue of finality of the Workers' Compensation Appeals Board's award, based upon the provision permitting the board to retain jurisdiction for five years after its decision to rescind, alter or amend the award for good cause. (Lab. Code, §§ 5803, 5804.) Some cases hold that this statutory provision precludes finality during the five-year period. (See *Solari* v. *Atlas-Universal Service, Inc.* (1963) 215 Cal.App.2d 587, 594 [30 Cal.Rptr. 407]; *De-Celle* v. *City of Alameda* (1960) 186 Cal.App.2d 574, 578-579 [9 Cal.Rptr. 549].) We find contrary case law more persuasive on this issue. In *Greatorex* v. *Board of Administration* (1979) 91 Cal.App.3d 54, 57 [154 Cal.Rptr. 37], the Court of Appeal recently held that the board's determination was final 20 days after service of the award, at which point the time for filing a petition for reconsideration has passed. (See also *Carter* v. *Superior Court* (1956) 142 Cal.App.2d 350, 353 [298 P.2d 598]; *Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76, 83 [293 P.2d 18].) The conclusion of *Greatorex* makes sense to us. Labor Code section 5900 et seq. provide that a person aggrieved by any *final order* may petition for reconsideration. (See *Fidelity & Cas. Co. of New York* v. *Workers' Comp. Appeals Bd.* (1980) 103 Cal.App.3d 1001 [163 Cal.Rptr. 339], for a considerate discussion of the procedure in a petition for reconsideration.) After action for the petition, a party may seek a writ of review to the Court of Appeal (Lab. Code, § 5901). These provisions conform to California's public policy of insuring expeditious resolution of disputes. We conclude that determinations of the board are indeed final, and join with the line of cases so holding.

The judgment granting a peremptory writ of mandate is reversed and the cause is remanded for further proceedings in accordance with the views we have expressed.

Blease, J., and Carr, J., concurred.

A petition for a rehearing was denied April 28, 1981, and the petition of plaintiff and appellant for a hearing by the Supreme Court was denied May 27, 1981.