[Civ. No. 65477. Second Dist., Div. One. Oct. 29, 1982.]

CECILIO H. PRECIADO, Plaintiff and Appellant, v.
COUNTY OF VENTURA et al., Defendants and Respondents.

784

**COUNSEL**

Ghitterman, Hourigan, Grossman, Finestone & Perren and Allan S. Ghitterman for Plaintiff and Appellant.

Dorothy L. Schechter, County Counsel, Susan R. O'Brien, Assistant County Counsel, Schummer & Barton and Terence L. Rolbin for Defendants and Respondents.

OPINION

**BYRNE, J.\***—Cecilio H. Preciado (claimant) appeals from an order of the Superior Court of Ventura County denying his petition for writ of mandate. The only question before us on appeal is whether the decision of the Workers' Compensation Appeals Board (WCAB) that claimant's disability was service-connected is binding upon the Board of Retirement of the Ventura County Employees' Retirement Association (Retirement Board) under the doctrine of collateral estoppel. We hold that it is not.

Claimant was employed by the County of Ventura (county) as a firefighter from March 1, 1954, to June 15, 1978. In June 1978 he filed an application for disability retirement with the Ventura County Employees' Retirement Association (association) in which he alleged that he was entitled to retirement benefits because of certain service-connected disabilities, to wit, hearing loss, hypertension, and diabetes mellitus. At the same time he also applied to the WCAB for compensation benefits as a result of the same disabilities.

The retirement matter was heard before the retirement board on January 15, 1979, and submitted on that date. On January 22, 1979, claimant's counsel was advised, by letter, by the county's retirement officer that the retirement board had granted claimant a nonservice-connected disability for diabetes mellitus, and would permit him to pursue the service-connected disability aspects of his disability at a future date.

On February 26, 1979, the retirement board made its written findings of fact and conclusions of law. It found, among other things, that claimant was disbled as a result of diabetes mellitus and that his disability from this medical condition was not due to his employment. The retirement board concluded that claimant was permanently incapacitated physically for the performance of his duties as firefighter and that his incapacity was not a result of injury or disease arising out of or in the course of his employment.

Claimant thereafter pursued his application for workers' compensation benefits. Claimant and the county participated in these proceedings.[1] On October 9, 1980, the WCAB made its findings and award finding, among other things, that claimant " . . . sustained injury arising out of and occurring in the course of employment in that he sustained diabetes mellitus, hypertension, hearing loss and injury to the lungs." The WCAB made an award in favor of claimant for permanent disability indemnity, various reimbursements, further medical treatment and interest.

---

\*Assigned by the Chairperson of the Judicial Council.

[1]The State Compensation Insurance Fund was also named as a defendant in the compensation matter. However, its involvement is not germane to the issues presented by this appeal and will not be referred to further.

Pursuant to Labor Code section 5903, the county sought reconsideration of the WCAB's findings and award. On December 23, 1980, the WCAB denied the petition for reconsideration. No further appeal was sought by the county and the order denying reconsideration became final forty-five (45) days following December 23, 1980.

On April 20, 1981, the retirement board conducted a further hearing on claimant's application for disability retirement. Claimant was present and represented by counsel. The county, as the real party in interest, was represented by counsel. Evidence was submitted and received. Claimant offered copies of the WCAB findings and award of October 9, 1980, and its opinion and order denying reconsideration of December 23, 1980. The retirement board refused to accept these documents in evidence.

The retirement board ordered that claimant's application for service-connected disability retirement be denied. The board found that claimant was disabled as a result of his diabetes mellitus and that such disability was not the result of his previous employment as a firefighter for the county. The retirement board also found that there were no changed circumstances or new factual evidence since its decision of February 26, 1979. The board concluded that claimant continued to be permanently incapacitated physically from the performance of his regular duties as a fire captain for the county, that his incapacity was not the result of injury or disease arising out of or occurring in the course of his employment, that he was not entitled to service-connected disability retirement from the county and that he continued to be entitled to nonservice-disability retirement benefits.

Claimant filed the within action for a writ of mandate to require the retirement board to set aside and vacate its order denying his application for service-connected disability retirement and to substitute in its place an order that he be entitled to have his disability retirement benefits declared service-connected. The basis for his claim is that the WCAB's decision that his diabetes mellitus, hypertension, hearing loss and lung injury arose out of and occurred in the course of his employment with the county is binding upon the retirement board under principles of collateral estoppel and res judicata.

Claimant's petition for writ of mandate was heard and denied. He appeals from this order.

 The only question presented on appeal is whether the WCAB's decision that claimant's disabilities were service-connected is binding upon the retirement board under the doctrine of collateral estoppel.[2]

---

[2]The doctrine of res judicata gives conclusive effect to a former judgment in subsequent litigation between the same parties involving the same cause of action. A prior judgment for the plain-

■ The doctrine of collateral estoppel is applicable to final decisions of the WCAB. (*Jackson* v. *City of Sacramento* (1981) 117 Cal.App.3d 596, 601-602 [172 Cal.Rptr. 826]; *Summerford* v. *Board of Retirement* (1977) 72 Cal.App.3d 128, 131 [139 Cal.Rptr. 814].)

■ Three requirements must be met before collateral estoppel will be applied: (1) the issue decided in the prior adjudication must be identical with the one presented in the action in question; (2) a final judgment on the merits must have been reached in the prior proceeding; (3) the party against whom the plea is now asserted must have been a party or in privity with a party to the earlier action. (*French* v. *Rishell* (1953) 40 Cal.2d 477, 479 [254 P.2d 26]; *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892]; *Jackson* v. *City of Sacramento, supra,* 117 Cal.App.3d at p. 602; *Greatorex* v. *Board of Administration* (1979) 91 Cal.App.3d 54, 57 [154 Cal.Rptr. 37].)

The present appeal focuses on two of the three requirements, that is, identity of parties and identity of issues. No dispute is presented as to the finality of the WCAB decision.

■ Claimant contends that the parties to the two proceedings were the same. We disagree.

The association is a county employees retirement association formed pursuant to the County Employees Retirement Law of 1937. (Gov. Code, § 31450 et seq.) It maintains and operates a retirement system for the benefit of county employees which is funded by a combination of contributions from employees, interest earned on the retirement fund and appropriations from the county. The association has been characterized as a contributory system, in which the contribution rate of the members is subject to adjustment based upon the mortality, service and compensation experience of the members. (*Summerford* v. *Board of Retirement, supra,* 72 Cal.App.3d at p. 131.)

The management of the retirement system is vested in a board of retirement. (Gov. Code, § 31520.) The board is composed of nine persons, one of whom is the county treasurer. Of the other eight board members, three are individuals belonging to, and elected by, the association itself; one is a retired member elected by the retired association members; and four are qualified voters

---

tiff results in a merger and supersedes the new action by a right of action on the judgment. A prior judgment for the defendant on the same cause of action is a complete bar to the new action. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, §§ 147-148, pp. 3292-3293.) Collateral estoppel is a distinct aspect of res judicata. It involves a second action between the same parties on a different cause of action. The first action is not a complete merger or bar, but operates as an estoppel or conclusive adjudication as to such issues in the second action which were actually litigated and determined in the first action. (*Id.,* § 197, at p. 3335.) In this case we are dealing with a claim of collateral estoppel rather than res judicata.

residing in the county who are "not connected with the county government in any capacity, except one may be a supervisor . . . ." (Gov. Code, § 31520.1.)

The retirement board is empowered to make necessary rules and regulations for the administration of the retirement system. (Gov. Code, § 31525.) It is required to make periodic actuarial valuations of the system and, on the basis of such investigation, recommend to the county board of supervisors such changes in the rate of interest, rate of contributions by members and county appropriations as are necessary. It then becomes the duty of the board of supervisors to adjust interest, contributions and appropriations in accordance with such recommendations. (Gov. Code, § 31453.)

The retirement board is also obligated to determine when members may receive and continue to receive retirement benefits. In doing this, the board may conduct a hearing (Gov. Code, §§ 31533, 31534) and require such proof as it deems necessary, including a medical examination. (Gov. Code, § 31723.) The board may appoint a referee to conduct the hearing and to make proposed findings of fact and a recommended decision to the board. (Gov. Code, § 31533.) Upon receiving the proposed findings and recommendation of the referee, the board may approve and adopt them, or it may obtain a transcript or summary of all testimony and other evidence and take such action as it deems appropriate, or it may refer the matter back to the referee for further proceedings, or it may set the matter for hearing before itself. (Gov. Code, § 31534.) In connection with these proceedings, the referee and the board have the power to issue subpoenas and subpoenas duces tecum, administer oaths and take depositions. (Gov. Code, § 31535.)

An association formed under the County Employees' Retirement Act of 1937 is separate and distinct from the county. (*Summerford* v. *Board of Retirement, supra,* 72 Cal.App.3d at p. 132; *Flaherty* v. *Board of Retirement* (1961) 198 Cal.App.2d 397, 404 [18 Cal.Rptr. 256].) Any adjudication of a claim for benefits may have an economic impact upon the membership of the association itself as well as on the county treasury. (Gov. Code, § 31453.)

Claimant does not contend that the retirement board was represented before the WCAB or that the retirement board is in privity with the county.[3] Instead he claims that the retirement board was not a party to the disability retirement proceedings. He contends that he and the county were the only parties to the retirement proceedings and that the association's retirement board was not, and could not, be a party because it was the *forum* before whom the matter

---

[3]It is clear that the retirement board was not represented before the WCAB. While the county did appear and participate, it has been held that the retirement board and the county are separate, distinct entities which are not in privity. (*Summerford* v. *Board of Retirement, supra,* 72 Cal.App.3d at p. 132.)

was tried. Claimant goes on to argue that since the retirement board could not be a party to the retirement proceeding, its absence as a party before the WCAB is of no legal consequence. He asserts that the county is the real party in interest and since it appeared in both proceedings, the decision of the WCAB is binding in the retirement matter.

In making this argument, claimant overlooks the nature of administrative agencies. An administrative agency may have executive, administrative, investigative, legislative or adjudicative powers. They normally have and exercise some combination or all of these powers. (2 Cal.Jur.3d, Administrative Law, § 41, p. 260.)

The association's board of retirement is an excellent example of the hybrid character of administrative agencies. The board exercises executive, administrative, investigative, legislative and adjudicatory powers. It administers the retirement system, promulgates rules and regulations, determines member contributions, investigates claims and makes determinations concerning the eligibility of members for retirement benefits. It is both the "forum" and a "party" in proceedings for disability retirement which it conducts.

The retirement board was a party to the retirement proceedings but was not represented in the WCAB proceeding. Accordingly, the requirement of identity of parties has not been met and the doctrine of collateral estoppel does not apply.

It appears to us that the precise issue presented herein was decided in the case of *Summerford* v. *Board of Retirement, supra,* 72 Cal.App.3d 128. In *Summerford,* the WCAB ruled that the applicant had sustained an injury which resulted in a permanent disability thereby entitling him to disability compensation. At a subsequent hearing, the retirement board made its own determinations regarding the applicant's injuries and denied his application for work-related disability retirement. In holding that the WCAB decision was not binding upon the retirement board under the doctrine of res judicata, the court said, at page 132: "While the county was represented in the WCAB proceeding, the retirement board was not. Therefore, findings of the WCAB regarding the claimant's injury are not binding upon the retirement board. The retirement board has a 'valid, independent right to determine whether petitioner suffered injury in the course and within the scope of his employment.' [Citations omitted.]"

Having decided that the requirement of identity of parties is missing, it is not necessary for us to address claimant's contention that the issues involved in the two proceedings are identical.

The order denying claimant's petition for writ of mandate is affirmed. The parties are to bear their own costs.

Spencer, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied November 19, 1982, and appellant's petition for a hearing by the Supreme Court was denied December 22, 1982.