[No. F009315. Fifth Dist. June 27, 1989.]

LEONARD RYMER, JR., Plaintiff and Appellant, v.
SHERIDAN HAGLER, Defendant and Respondent.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

COUNSEL

Henry W. Bockman for Plaintiff and Appellant.

Clifford, Jenkins & Brown, Robert D. Harding and Steven D. Rick for Defendant and Respondent.

OPINION

BAXTER, J.—

STATEMENT OF FACTS AND PROCEEDINGS BELOW

Appellant Leonard Rymer, Jr., filed an application for "Adjudication of Claim" against his employer, Sheridan Hagler, with the Workers' Compensation Appeals Board (WCAB) on November 16, 1981. The claim sought compensation for injuries resulting from a work-related accident. Appellant later filed a civil complaint for damages against Hagler in the Kern County Superior Court, which was predicated on the injuries received in the same accident. Appellant relies on Labor Code[1] section 3706 to establish jurisdiction in the superior court.[2] The complaint filed in superior court alleges that Hagler failed to provide workers' compensation benefits to appellant when injured. The two proceedings progressed concurrently.

On September 9, 1986, appellant brought a motion in the WCAB proceeding to exclude Fremont Indemnity Company (Fremont) as a party to the proceeding on the basis that Fremont was not the workers' compensation carrier for Hagler at the time of appellant's injuries. After hearing the arguments of counsel, the WCAB judge denied the motion and found Fremont "either has workers' compensation coverage for the alleged date of

---

[1] All statutory references are to the Labor Code unless otherwise indicated.
[2] Section 3706 is set forth, *post.*

injury or is estopped to deny workers' compensation coverage for the alleged date of injury based on their admission of such coverage." The parties were notified the decision was subject to a "Petition for Reconsideration" as provided in section 5900, subdivision (a), which provides that any aggrieved person may seek rehearing of any final order, decision or award made and filed by the appeals board or a workers' compensation judge. Further testimony on the merits of the workers' compensation claim was heard that same day, but the hearing was not concluded. A second day of testimony was set for a later date, but was never held. On November 13, 1986, all parties were served with a written copy of the minutes of the previous hearing at which the WCAB judge issued his order concerning coverage. The order was included in the minutes. That same day appellant petitioned for a voluntary dismissal of the workers' compensation claim. The petition was granted and the claim dismissed on December 3, 1986. Appellant never did seek reconsideration of the judge's decision on the motion to exclude Fremont.

On February 19, 1987, Hagler filed a motion for judgment on the pleadings in the superior court action on the ground that the WCAB judge's ruling on the issue of workers' compensation coverage was binding on appellant in the superior court action. Hagler asked the court to take judical notice of the prior ruling and argued that since the hearing officer had found coverage on the date of appellant's injury, appellant's civil action could not be maintained under section 3706.

The trial court granted Hagler's motion, and judgment on the pleadings was entered in his favor. Appellant filed a timely notice of appeal.

DISCUSSION

I.

*Did the Trial Court Err in Applying the Doctrine of Collateral Estoppel[3] to the Issue of Whether Respondent Had "Secured Payment of Compensation" as Required by Section 3700?*

 Appellant contends the trial court erred in granting respondent's motion for judgment on the pleadings. Appellant argues the trial court incorrectly applied the doctrine of res judicata to the determination of workers' compensation coverage made by the WCAB judge and, by implication, erroneously held the so-called "coverage by estoppel" sufficiently

---

[3] While the trial court spoke of "res judicata" it is the doctrine of collateral estoppel which is applicable in the instant case.

complied with the requirement of section 3700 so as to bar the instant civil action.

The California Workers' Compensation Act (Act) provides an elaborate and complete scheme for the adjudication of claims by employees against employers for injuries arising out of the course and scope of employment. (§ 3600 et seq.; *Santiago* v. *Employee Benefits Services* (1985) 168 Cal.App.3d 898 [214 Cal.Rptr. 679]; *Johns-Mansville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].) ■ The workers' compensation statute has long been held to provide the exclusive remedy against an employer for work-related death or injury with a few statutory and judicially created exceptions. (*Young* v. *Libbey-Owens Ford Co.* (1985) 168 Cal.App.3d 1037 [214 Cal.Rptr. 400], citing *Johns-Mansville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d at pp. 467-468.)

Section 3706 is one of the principal exceptions to the Act's exclusive remedy rule. Section 3706 provides: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply." ■ Section 3706 provides an alternative remedy to an injured worker where the employer has failed to secure the payment of compensation required by section 3700.[4] (*Young* v. *Libbey-Owens Ford Co., supra,* 168 Cal.App.3d 1037; *Felix* v. *Workmen's Comp. Appeals Bd.* (1974) 41 Cal.App.3d 759 [116 Cal.Rptr. 345].) Jurisdiction of the superior court to try claims of an employee against his employer for damages under section 3706 arises only when payment of compensation is not secured. (*Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76 [293 P.2d 18]; *Strickland* v. *Foster* (1985) 165 Cal.App.3d 114 [211 Cal.Rptr. 305]; *Coffin* v. *Bloodworth* (1938) 28 Cal.App.2d 522 [82 P.2d 953].) Under the exclusivity provisions of the Act this is true even though, in some instances, a particular worker may have a better claim in a state civil action. (*Argonaut Ins. Co.* v. *Superior Court* (1985) 164 Cal.App.3d 320 [210 Cal.Rptr. 417].)

---

[4] Section 3700 provides in relevant part: "Every employer except the state shall secure the payment of compensation in one or more of the following ways: (a) By being insured against liability to pay compensation in one or more insurers duly authorized to write compensation insurance in this state.

"(b) By securing from the Director of Industrial Relations a certificate of consent to self-insure, which may be given upon furnishing proof satisfactory to the Director of Industrial Relations of ability to self-insure and to pay any compensation that may become due to his employees.

"(c) For any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state, . . ."

Because the complaint in the instant action seeks recovery against an employer for work-related injuries, the exclusivity rule will bar appellant's superior court action unless he can establish that Hagler failed "to secure the payment of compensation" as required under the Act. ■ It is appellant's burden to show there was no coverage. (*Doney* v. *Tambouratgis* (1979) 23 Cal.3d 91, 99, fn. 11 [151 Cal.Rptr. 347, 587 P.2d 1160].)

Appellant's motion to exclude Fremont from the WCAB proceeding clearly raised the issue of whether Hagler secured the payment of compensation at the time of the injuries through Fremont. If Fremont provided coverage, it was an appropriate party to the proceeding. If Fremont did not provide coverage, it had no standing to participate in the proceeding. The WCAB judge ruled Fremont did provide workers' compensation coverage or was estopped from denying coverage on the date of the injury. The trial court found the decision of the WCAB judge conclusively determined the issue of coverage under the doctrine of collateral estoppel. Because there had been a determination of coverage, the trial court dismissed the action against Hagler, finding the action was barred under the exclusivity rule.

"The doctrine of res judicata gives conclusive effect to a former judgment in subsequent litigation between the same parties involving the same cause of action. A prior judgment for the plaintiff results in a merger and supersedes the new action by a right of action on the judgment. A prior judgment for the defendant on the same cause of action is a complete bar to the new action. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, §§ 147-148, pp. 3292-3293.) Collateral estoppel is a distinct aspect of res judicata. It involves a second action between the same parties on a different cause of action. The first action is not a complete merger or bar, but operates as an estoppel or conclusive adjudication as to such issues in the second action which were actually litigated and determined in the first action. (*Id.*, § 197, at p. 3335.)" (*Preciado* v. *County of Ventura* (1982) 143 Cal.App.3d 783, 786-787, fn. 2 [192 Cal.Rptr. 253].)

■ The doctrine of collateral estoppel is applicable to final decisions of administrative agencies acting in a judicial or quasi-judicial capacity. (*United States* v. *Utah Constr. Co.* (1966) 384 U.S. 394, 421-422 [16 L.Ed.2d 642, 660-661, 86 S.Ct. 1545]; *People* v. *Sims* (1982) 32 Cal.3d 468, 480-481 [186 Cal.Rptr. 77, 651 P.2d 321]; *French* v. *Rishell* (1953) 40 Cal.2d 477 [254 P.2d 26].) An administrative agency acts in a judicial capacity when it resolves disputed issues of fact properly before it and provides the parties with an opportunity to present evidence and to litigate fully the issues.

(*United States* v. *Utah Constr. Co., supra,* 384 U.S. at p. 422 [16 L.Ed.2d at pp. 660-661].)

■ In the instant case, the parties were given an opportunity to present evidence and to litigate the coverage issue. The decision in the WCAB proceeding resolved a disputed issue by applying a rule of law (§ 3700) to a specific set of facts. (See *People* v. *Sims, supra,* 32 Cal.3d at p. 480.) Appellant was afforded a full hearing to present evidence under oath or affirmation. Each party was represented by counsel. Each party was provided an opportunity to present oral argument. While no evidence was introduced on the issue of coverage and the WCAB judge heard only argument of counsel, there is no showing that appellant was denied the opportunity to introduce evidence on the issue. He simply chose not to do so. It is the opportunity to litigate that is important in these cases, not whether the litigant availed himself or herself of the opportunity. (*Teitelbaum Furs, Inc.* v. *Dominion* (1962) 58 Cal.2d 601, 607 [25 Cal.Rptr. 559, 375 P.2d 439], cert. den. (1963) 372 U.S. 966 [10 L.Ed.2d 130, 83 S.Ct. 1091].)

■ The doctrine of collateral estoppel applies to workers' compensation proceedings. (*Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 633 [102 Cal.Rptr. 815, 498 P.2d 1063]; *Preciado* v. *County of Ventura, supra,* 143 Cal.App.3d 783, 787.) ■ Three requirements must be met before the doctrine will be applied: (1) the issue decided in the prior adjudication must be identical with the one presented in the subsequent action; (2) the issue must have been actually litigated and finally decided in the earlier action; and (3) the party against whom the doctrine is asserted must have been a party or in privity with a party to the earlier action. (*Teitelbaum Furs, Inc.* v. *Dominion, supra,* 58 Cal.2d 601; *Flynn* v. *Gorton* (1989) 207 Cal.App.3d 1550, 1554 [255 Cal.Rptr. 768].) It is the burden of the person asserting collateral estoppel to prove that each of the requirements for application of the doctrine has been met. (*Jackson* v. *City of Sacramento* (1981) 117 Cal.App.3d 596, 602 [172 Cal.Rptr. 826].)

A. *The decision of the WCAB judge on the issue of coverage was a final order for purposes of collateral estoppel.*

■ In the instant action the first and third requirements for application of collateral estoppel are clearly satisfied. As to the first requirement, the issue in both proceedings was whether Fremont provided workers' compensation coverage to Hagler at the time of appellant's injuries. As to the third requirement, the parties to both actions are identical. Satisfaction of the

second requirement is disputed, i.e., whether the WCAB judge's decision on the issue of coverage was a final order for purposes of collateral estoppel.

Contrary to appellant's contention, collateral estoppel does not require a final and full adjudication of the merits of the underlying action. It requires only a final adjudication of the issue sought to be precluded in the second action. (*City and County of San Francisco* v. *Ang* (1979) 97 Cal.App.3d 673 [159 Cal.Rptr. 56]; *Kosowski* v. *Workers' Comp. Appeals Bd.* (1985) 170 Cal.App.3d 632 [216 Cal.Rptr. 280] [intermediate order allowing credit for wages earned by employee's hobby considered on petition for reconsideration before final determination of benefits].)

The decision of the WCAB judge was a final adjudication on the issue of coverage. The order was final and subject to review by the WCAB. The judge informed the parties of their right to seek reconsideration pursuant to the statutory review process. In so doing, he impliedly informed the parties his decision was final, since reconsideration under section 5900, subdivision (a) may only be sought of *final* orders, decisions, or awards.[5] ■ An order, decision, or award of the WCAB or workers' compensation judge is final for purposes of a petition for reconsideration where it determines any substantive right or liability of those involved in the case. (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (1978) 82 Cal.App.3d 39, 45 [147 Cal.Rptr. 30].) To be final, an order need not resolve all issues or represent a final determination of benefits. The term does not include intermediate procedural orders or discovery orders, but it does include orders dismissing a party, rejecting an affirmative defense, granting commutation, terminating liability, and other orders affecting substantive issues. (1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1977) § 7.01[4].)

■ Whether or not the employer has provided workers' compensation coverage is a substantive issue. It determines the forum for the dispute and the penalties to be imposed. (§§ 3706, 3715.) The ruling decided the issue of coverage and established Fremont as the insurance carrier and a party to the WCAB proceeding. It was a final order for purposes of collateral estoppel.[6] Public policy is served by application of the doctrine on these facts, not

---

[5] Section 5900 provides in pertinent part: "(a) Any person aggrieved directly or indirectly by any final order, decision, or award made and filed by the appeals board or a workers' compensation judge under any provision contained in this division, may petition the appeals board for reconsideration in respect to any matters determined or covered by the final order, decision, or award, and specified in the petition for reconsideration. The petition shall be made only within the time and in the manner specified in this chapter."

[6] At one time there was a split in authority on the issue of whether any order or decision in a workers' compensation hearing was final for purposes of collateral estoppel because under

defeated as appellant contends. (See *In re Marriage of Doud* (1986) 181 Cal.App.3d 510, 522 [226 Cal.Rptr. 423] [public policy served is to protect parties from endless litigation].)

The dismissal of the worker's compensation proceeding does not alter the finality of the WCAB judge's order. The Restatement Second of Judgments defines "final judgment" less strictly for purposes of issue preclusion through collateral estoppel than for purposes of merger or bar through res judicata. The term includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." (Rest.2d Judgments, § 13.) This court invoked the Restatement's expansive concept of finality for collateral estoppel in *Sandoval* v. *Superior Court* (1983) 140 Cal.App.3d 932 [190 Cal.Rptr. 29]. The court noted that while a judgment is not final for purposes of res judicata while an appeal is pending, "the Restatement analysis and reason itself dictate that the trial court judgment reemerges with sufficient finality to permit the application of collateral estoppel" when an appeal is settled favorably to the plaintiff and then dismissed. (*Id.,* at p. 937.)

*Buttimer* v. *Alexis* (1983) 146 Cal.App.3d 754 [194 Cal.Rptr. 603][7] involves issues similar to those in the instant case. Buttimer refused to submit to an intoxication test when arrested for driving under the influence of alcohol. The trial judge granted his Penal Code section 1538.5 motion to suppress the evidence of his refusal to submit to the test, ruling that the arrest was without probable cause. The district attorney dismissed the criminal proceeding. Later, the Department of Motor Vehicles sought to suspend his driver's license for refusing the test. The DMV hearing officer rejected evidence of the prior ruling and suspended Buttimer's license after finding the arrest was legal. The court held that the issue of lawfulness of the arrest was previously litigated and the determination became final when the criminal charges were dismissed. (See also *King* v. *International Union of Operating Engineers* (1952) 114 Cal.App.2d 159, 164 [250 P.2d 11] [dismissal in first action for failure to exhaust internal union remedies binding on second action involving same underlying controversy].)

---

the statute the WCAB retains continuing jurisdiction of a matter for a period of five years. (See *Jackson* v. *City of Sacramento, supra,* 117 Cal.App.3d at p. 603, fn. 3.) However, in recent years the majority of the decisions have held that a decision is final after the expiration of the 20-day period in which reconsideration can be sought. (See *ibid.*; *Nagle* v. *Ringling Bros.-Barnum & Bailey Comb. Sh., Inc.* (S.D.Tex. 1974) 386 F.Supp. 349, affd. 529 F.2d 1350, discussing and applying California law.) In any event, the WCAB has not retained jurisdiction in this case because appellant sought and was granted a voluntary dismissal of the action.

[7] *Buttimer* is a criminal case and while the court recognizes the differences in the procedural rules of criminal cases in contrast to those in civil cases, the analysis and policy considerations involved by the doctrine of collateral estoppel in *Buttimer* are applicable here.

B. *Appellant's failure to seek reconsideration of the decision within the time allowed renders the decision final and bars its review.*

 The decision of the WCAB judge is also final because appellant failed to seek review within the time allotted. Section 5903 provides that a party in a workers' compensation proceeding may seek review of a final order of the WCAB or a workers' compensation judge if the petition is filed within 20 days of the final decision or order.[8] When a party fails to seek review within the time allotted, both the WCAB and the court is without jurisdiction to hear future challenges to the decision. (§§ 5901, 5950; *Scott v. Workers' Comp. Appeals Bd.* (1981) 122 Cal.App.3d 979, 984 [176 Cal.Rptr. 267].) Appellant did not seek review of the WCAB judge's decision within the allotted time. Therefore, not only is further litigation on the issue of coverage precluded under the doctrine of collateral estoppel, but appellant may not invoke the jurisdiction of the WCAB or the courts to review the lawfulness of the hearing officer's decision. Upon the expiration of time for reconsideration, the decision of the WCAB judge was final and conclusive.[9] (See *United States Pipe & Foundry Co.* v. *Industrial Acc. Com.* (1962) 201 Cal.App.2d 545, 549 [20 Cal.Rptr. 395]; *Young* v. *Industrial Acc. Com.* (1944) 63 Cal.App.2d 286 [146 P.2d 693].)

 We conclude that the WCAB judge's finding that compensation was provided at the time of the injury was a final judgment for purposes of collateral estoppel, particularly since appellant did not seek reconsideration

---

[8] Section 5901 provides: "No cause of action arising out of any final order, decision or award made and filed by the appeals board or a workers' compensation judge shall accrue in any court to any person until and unless the appeals board on its own motion sets aside the final order, decision, or award and removes the proceeding to itself or if the person files a petition for reconsideration, and the reconsideration is granted or denied. Nothing herein contained shall prevent the enforcement of any final order, decision, or award, in the manner provided in this division."

Section 5903 provides: "At any time within 20 days after the service of any final order, decision, or award made and filed by the appeals board or a workers' compensation judge granting or denying compensation, or arising out of or incidental thereto, any person aggrieved thereby may petition for reconsideration upon one or more of the following grounds and no other: (a) That by the order, decision, or award made and filed by the appeals board or the workers' compensation judge, the appeals board acted without or in excess of its powers.

"(b) That the order, decision, or award was procured by fraud.

"(c) That the evidence does not justify the findings of fact.

"(d) That the petitioner has discovered new evidence material to him or her, which he or she could not, with reasonable diligence, have discovered and produced at the hearing.

"(e) That the findings of fact do not support the order, decision, or award.

"Nothing contained in this section shall limit the grant of continuing jurisdiction contained in Sections 5803 to 5805, inclusive."

[9] It matters not that the workers' compensation action was ultimately dismissed since the period for reconsideration had passed before the action was dismissed.

of the coverage ruling and dismissed the workers' compensation proceeding without making any effort to challenge the WCAB judge's decision.

## II.

*Does Coverage By Estoppel Sufficiently Comply With the Requirement of Section 3700 to "Secure the Payment of Compensation" so as to Preclude a Civil Action Brought Under Section 3706?*

Section 3700 requires a private employer in California to "secure the payment of compensation" in one of two ways. An employer may either be "insured against liability to pay compensation in one or more insurers duly authorized to write compensation insurance" in California or obtain a certificate of self-insurance pursuant to section 3715. (§ 3700; *Muffett* v. *Royster* (1983) 147 Cal.App.3d 289 [195 Cal.Rptr. 73].) The WCAB judge found coverage despite the absence of both.[10] ■ Appellant contends that an employer must have an actual written insurance policy in effect at the time of an employee's injuries to invoke the exclusive remedy rule under section 3706 and that coverage based on estoppel is insufficient. ■ Whether coverage by estoppel amounts to "secur[ing] the payment of compensation" requires the interpretation of section 3700 and therefore is a legal question which may be reviewed de novo on appeal. (See *Muffett* v. *Royster, supra,* 147 Cal.App.3d at p. 300; *Los Angeles County Safety Police Assn.* v. *County of Los Angeles* (1987) 192 Cal.App.3d 1378, 1384 [237 Cal.Rptr. 920].)

■ "A fundamental rule of statutory construction is to ascertain the intent of the Legislature, based on an examination of the legislative history and the statutory context of the enactment under scrutiny so as to effectuate the purpose of the law. [Citations.]" (*Chong* v. *Fremont Indemnity Co.* (1988) 202 Cal.App.3d 1097, 1101 [249 Cal.Rptr. 264].) ■ The underlying purpose of the Act is to provide employees a quick, simple, and readily accessible method of claiming and receiving compensation for work-related injuries. (*Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d 898, 901.) The statute was intended to require adequate insurance coverage against the liability to pay or furnish compensation. (*Strickland* v. *Foster, supra,* 165 Cal.App.3d 114, 118, citing *Rideaux* v. *Torgrimson* (1939) 12 Cal.2d 633, 637 [86 P.2d 826].) The Legislature clearly intended the burden of securing compensation for the employee to be on the employer. (*Muffett* v. *Royster, supra,* 147 Cal.App.3d at p. 301.)

---

[10] The WCAB judge's decision was in the alternative. He found either that Fremont provided coverage or that it was estopped to deny coverage. However, the record, while woefully inadequate on this issue, suggests that both Hagler and Fremont agree no workers' compensation policy had actually been issued at the time of appellant's injuries.

However, even though the employer is required to "secure the payment of compensation," appellant has pointed to no authority holding coverage can be found only through an existing and effective contract of insurance and not by operation of law. Nor has appellant espoused any public policy which would be served by adopting such a rule.

Appellant cites *Weiser* v. *Industrial Acc. Commission* (1916) 172 Cal. 538 [157 P. 593] and *Scott* v. *Industrial Acc. Com., supra,* 46 Cal.2d 76 to support his novel contention. Neither case assists appellant. In *Weiser,* the court found liability coverage under an existing policy. In *Scott,* the court did state that without "coverage" an injured employee could bring a civil action under section 3706. However, the court did not discuss whether or not "coverage" could exist by operation of law.

The only reported case on the issue of coverage by estoppel is one out of this court and, although not directly on point, is instructive on this issue. In *Ogden* v. *Workers' Comp. Appeals Bd.* (1984) 153 Cal.App.3d 786 [200 Cal.Rptr. 406], the dispute at the WCAB proceeding was whether or not the employer's compensation policy had been cancelled prior to the employee's injury. The worker's compensation judge had found that the insurance carrier was estopped from denying coverage. The WCAB refused to affirm the finding and instead found the policy had been cancelled. It also found the employer had failed to prove estoppel. This court found the WCAB decision was not supported by the requisite findings and remanded the case for further findings. However, in dicta, this court commented that there was ample evidence to find coverage by estoppel. Thus, this court has recognized, by implication, coverage by estoppel as a legitimate method by which an employer may establish compliance with the Act.

The above case also illustrates why appellant's contention is not consistent with the policies underlying the Act. The intent of the Act is to provide compensation for employees who are injured in work-related actions and to eliminate lengthy court actions. (See *Saala* v. *McFarland* (1965) 63 Cal.2d 124, 130 [45 Cal.Rptr. 144, 403 P.2d 400]; *Santiago* v. *Employee Benefits Services, supra,* 168 Cal.App.3d at p. 901.) If a rule were adopted eliminating coverage by operation of law as a source of compensation, the purposes of the Act would be frustrated. Technical barriers to coverage caused by administrative or clerical errors would serve to deny employees a quick and efficient forum for seeking compensation and eliminate the exclusivity feature so important to the purposes of the Act. "[T]he courts must be vigilant to preserve the spirit of the act and to prevent a distortion of its purposes." (*Eckis* v. *Sea World Corp.* (1976) 64 Cal.App.3d 1, 7 [134 Cal.Rptr. 183].)

## III.

*Are There Any Misrepresentations by Respondent That Would Require Reversal?* *

. . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

Martin, Acting P. J., and Stone (W. A.), J., concurred.

A petition for a rehearing was denied July 21, 1989, and appellant's petition for review by the Supreme Court was denied September 6, 1989.

---

\* See footnote, *ante,* page 1171.