[Civ. No. 18181.   First Dist., Div. One.   May 25, 1959.]

ELLA MAE BALL et al., Appellants, v. CITIZENS CAS-UALTY COMPANY OF NEW YORK (a Corporation), Respondent.

Winters & Winters for Appellants.

Edmund D. Leonard and Hanna & Brophy for Respondent.

WOOD (Fred B.), J.—George E. Ball was killed in an airplane accident while crop dusting. His widow and minor son sued Tom Davis and Gladys Davis in a prior action, alleging that George was their employee, that his death occurred in the course of the employment and as the result of the negligence of the Davises, and that the Davises had no Workmen's Compensation Insurance nor were they self-insured as required by section 3700 of the Labor Code.

The Davises joined issue. They denied that George was an employee of theirs; alleged that he was a copartner with them and other persons; denied the allegation that they had no Workmen's Compensation Insurance and were not self-insured; and alleged that they were not within the purview of section 3700 of the Labor Code at the time of George's death.

The cause was tried before a jury which found that George was an employee and awarded the widow $35,600 and the son $15,000.

A writ of execution for the enforcement of the judgment was returned unsatisfied. The widow and the son then brought the present action against the Citizens Casualty Company of New York upon an Employer's Liability Policy which it had issued to Tom and Gladys Davis. Citizens Casualty interposed a number of defenses, including a plea that the judgment in the action against the Davises is res judicata, a bar to the present action. The cause was tried upon this issue alone, pursuant to section 597 of the Code of Civil Procedure, resulting in a judgment sustaining the plea of res judicata.

"In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892].) The parties are agreed that the second and the third questions must be answered in the affirmative. As to the first question, they are not in agreement. Defendant contends, in effect, that the prior adjudication decided all of the issues here involved. We are not persuaded that such is the case.

The policy sued upon has a dual aspect.

It contains a promise to indemnify the employer against loss by reason of the liability imposed upon him by law for damages on account of personal injuries to such of the employees as are legally employed. No action lies **against**

the insurer for any such loss until after the claim has been fixed by final judgment or by agreement of the parties with the written consent of the company. If because of the bankruptcy or insolvency of the employer a writ of execution against the employer is returned unsatisfied in an action brought by an injured employee or other person claiming by, through or under the employee, an action may be maintained by the employee or such other person against the insurer for the amount of the judgment in said action, not exceeding $25,000 for all damages in any one accident.

The policy also contains a promise in respect to personal injuries of employees, to pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due and all installments as they become due, including the proper cost of whatever medical, hospital and similar services are required by the Workmen's Compensation Law. These are the direct obligations of the insurer to the injured employee and his dependents and are enforceable directly against the insurer whether brought against the insurer alone or jointly with the employer.

The parties are agreed that the judgment in the former action necessarily determined that the Davises failed to secure payment of workmen's compensation that might become payable to their employee George Ball as required by section 3700 of the Labor Code. Such failure was the very predicate of the action in which the judgment was rendered and of the jurisdiction of the superior court to render it. (Lab. Code, § 3706.)

It does not follow that the jury necessarily *decided* that the Davises did not have an indemnity policy covering their employee George Ball in the work he was doing at the time of his injury. The two promises (concerning workmen's compensation and employer's liability, respectively) are so obviously separate and distinct undertakings it is impossible to say that a judgment that one of them does not exist is a judicial determination that the other also does not exist. There is no magic in the mere fact that these two wholly different promises were set forth in the same document instead of in separate documents. Neither of them is contingent upon the other. Each is a separate and distinct type of coverage.

Defendant seeks to tie them together through the "declarations" of the policy. Thus runs its argument: (1) the declarations are common to the workmen's compensation and the

employer's liability promises. (2) The former judgment determined that there was no workmen's compensation coverage of George Ball in the work (crop dusting) he was doing at the time of his injury. (3) It thereby determined that the declarations do not include crop dusting operations. (4) The conclusion is inescapable that the employer's liability promise, based upon those very declarations, did not cover George Ball's crop dusting work.

This is a tenuous argument when advanced in support of a res judicata plea. It goes considerably beyond the scope of the prior adjudication. This the defendant in effect recognized when (upon the trial of its plea of res judicata) it introduced oral and documentary evidence in support of its contention that the Davises did not want crop dusting coverage (because of its high premium rate), did not apply for it, and did not obtain it.

Moreover, the record before us does not show that the insurance policy was introduced in evidence at the former trial. Indeed, counsel for the defendant insurer, during the hearing of the res judicata plea, told the trial court: " . . . it's my understanding that the policy was not produced in that action, and the only testimony about it was testimony of the Davises in which they were asked by their counsel and by Mr. Winters [counsel for plaintiff in both actions] whether they had any Workmen's Compensation insurance for this crop dusting activity. Mrs. Davis, I believe, testified they did not. Mr. Davis, in his testimony, stated he wasn't sure. He said first he thought they had a policy."

In such a state of the record it would be pure speculation to say that the jury did more than decide that the Davises failed to provide workmen's compensation coverage.

We conclude that by the former judgment it was decided there was no workmen's compensation coverage but we can not say what interpretation, if any, was placed upon the declarations contained in the policy or what view, if any, was taken of the scope of the employer's liability coverage. Accordingly, whether or not the former judgment be res judicata as to some issues, it is not res judicata as to all issues and therefore is not a bar to the present action.

The judgment is reversed.

Bray, P. J., and Hanson, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.