[No. A035337. First Dist., Div. Four. July 28, 1987.]

RON RINALDI, as Director, etc., Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, RAYMOND
CURRY et al., Respondents.

## COUNSEL

Jacqueline Schauer, Susan V. Hamilton and John M. Rea for Petitioner.

Robert Brown, in pro. per., Richard A. Krimen, Arthur Hershenson, Fernando da Silva, Gary J. Lee and Robert E. Treuhaft for Respondents.

## OPINION

SABRAW, J.—Petitioner Ron Rinaldi (Rinaldi), administrator of the Uninsured Employers Fund, seeks review of an order of the Workers' Compensation Appeals Board (Board). The Board found that the injured worker, respondent Raymond Curry (applicant), was an employee of respondent Robert Brown (Brown), an unlicensed contractor uninsured for workers' compensation liability, and not an employee of respondent Wendell Garrett, doing business as Garrett Roofing (Garrett), the licensed contractor who hired Brown. Rinaldi contends that the injured worker was an employee of Garrett as a matter of law because Brown did not have a contractor's license.[1]

Garrett is a licensed contractor who contracted to repair the roof of a homeowner in Daly City. Garrett secured the services of Brown to do the hot tar portion of the job. Brown employed applicant, who sustained burns on November 7, 1984, when a hot tar pot overturned while he was performing services at the job site in Daly City.

After learning that Brown was uninsured for workers' compensation, applicant filed a claim against Garrett. State Compensation Insurance Fund, Brown, and the Director of the Department of Industrial Relations, as administrator of the Uninsured Employers Fund, were joined as parties. Following a hearing, the workers' compensation judge found that applicant had sustained industrial injury, but that at the time of the injury he was not an employee of Garrett. The judge made an award in favor of applicant against Brown, who was unlawfully uninsured, of reimbursement for medical-legal costs and ordered that all issues other than employment and injury be deferred. Garrett and its insurer State Compensation Insurance Fund were ordered dismissed as parties.

---

[1] Rinaldi, as the Director of the Department of Industrial Relations of the State of California, is the state official responsible for administering the Uninsured Employers Fund. The fund was created to ensure that workers employed by illegally uninsured employers are not deprived of workers' compensation benefits (Lab. Code, § 3716, subd. (b)). Rinaldi is aggrieved by the Board's order, for he is required to pay the award if the employer fails to do so (Lab. Code, § 3716, subd. (a)).

Rinaldi, as administrator of the Uninsured Employers Fund, petitioned for reconsideration, alleging that applicant was an employee of Garrett as a matter of law under Labor Code section 2750.5 because Brown did not have a contractor's license. The Board denied reconsideration, and Rinaldi filed a timely petition for review in this court.

Labor Code section 2750.5 provides: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. Proof of independent contractor status includes satisfactory proof of these factors: . . ."

In subdivisions (a), (b), and (c) of section 2750.5, the statute enumerates factors which may prove independent contractor status. The next to last paragraph of section 2750.5 states: "In addition to the factors contained in subdivisions (a), (b), and (c), *any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractor's license as a condition of having independent contractor status.*" (Italics added.)

In *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (*Meier*) (1985) 40 Cal.3d 5 [219 Cal.Rptr. 13, 706 P.2d 1146], the court held that section 2750.5 applies to workers' compensation cases and that the section makes a required license a condition of having independent contractor status. (*Id.,* at p. 12.) The court noted that "[t]he fundamental policy underlying the workers' compensation laws is that those hiring others to perform services should bear the risk of injuries incurred in the undertakings." (*Id.,* at p. 13.) The court concluded that it was not unreasonable for the Legislature to conclude that effective implementation of a system for providing for workers' injuries "*requires liability on the part of the ultimate hirer and that he should not be able to avoid liability on the ground that he dealt with a contractor when the contractor lacked a required license.*" (*Id.,* at p. 13, italics added.) The court held that an unlicensed person who had contracted with a homeowner to remodel his home was an employee of the homeowner and that the homeowner was liable for workers' compensation benefits.

Not addressed in *Meier, supra,* 40 Cal.3d 5, was the question whether the hirer's workers' compensation liability extended to the employees of an unlicensed contractor. That question arose in *Blew* v. *Horner* (1986) 187 Cal.App.3d 1380 [232 Cal.Rptr. 660] (review den.). In *Blew,* a general contractor contended that even if the unlicensed contractor was the general

contractor's employee as a matter of law, it did not follow that an employee of the unlicensed contractor was also an employee of the general contractor.

The court in *Blew* found that Legislature, in enacting section 2750.5, "intended all the consequences flowing from that declaration, including the creation of an employer-employee relationship between the ultimate hirer and the employees of the unlicensed contractor. We can only assume that the Legislature concluded that an effective workers' compensation system *requires imposition of workers' compensation liability on the part of the ultimate hirer not only for injuries to the unlicensed contractor, but for the employees of that contractor as well.*" (*Id.,* at p. 1389, italics added.)

■ Although *Blew* arose in the context of a personal injury action against the ultimate hirer, the principles set forth therein are applicable to the matter before this court. Under the *Blew* holding, if the subcontractor is unlicensed, workers' compensation liability for the subcontractor's employees will be imposed on the general contractor as a matter of law. (*Id.,* at p. 1390, fn. 5.) The Board erred in holding to the contrary.

The Board's order of April 30, 1986, is annulled, and the matter is remanded to the Board for further proceedings consistent with this opinion.

Anderson, P. J., and Poché, J., concurred.