[No. A039168. First Dist., Div. Four. Mar. 3, 1988.]

RON RINALDI, as Director, etc., Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, MIKE SMYTH
et al., Respondents.

**COUNSEL**

Linda Peters, Walter Riley, Susan Hamilton and John Rea for Petitioner.

Michael L. Giachino, Hanna, Brophy, MacLean, McAleer & Jensen and Hugh Scott for Respondents.

**OPINION**

**ANDERSON, P. J.**—Petitioner Ron Rinaldi, as administrator of the Uninsured Employers Fund (hereafter Fund), seeks review of an order of the

Workers' Compensation Appeals Board (hereafter Board). The Board affirmed the finding of the workers' compensation judge (hereafter WCJ) that the injured worker, respondent Nicholai Zagainoff, was an employee of respondent Craig Butler, an unlicensed subcontractor uninsured for workers' compensation liability, and not an employee of respondent Mike Smyth, the licensed but uninsured contractor who hired Butler. Rinaldi contends that the Board improperly applied the principles of estoppel, and that the injured worker was an employee of Smyth as a matter of law because Butler did not have a contractor's license.

Mike Smyth is a licensed but uninsured general contractor who contracted with the Websters to remodel their home in Moraga. Smyth does most of the work himself, but he also hires specialty subcontractors. Under time constraints, Smyth contracted with Craig Butler, who represented himself to be a licensed contractor, to finish the job. Butler in fact had no contractor's license and was illegally uninsured for workers' compensation liability. Butler hired Zagainoff, a 48-year-old carpenter, to do rough framing for him for $100 a day and brought him to the job site. Butler left the site; and later in the day Zagainoff stepped on a piece of plywood that collapsed and he fell nine feet to the concrete floor below, sustaining multiple injuries.

Zagainoff filed a claim for benefits, alleging that his injury had been sustained in the course of his employment with Smyth and Butler, both of whom were illegally uninsured for workers' compensation liability. The Fund and the homeowner, Jack L. Webster, were joined as parties. Webster and his insurance carrier were subsequently dismissed as party defendants and the matter was set for a bifurcated hearing on the sole issue of employment.

Prior to the hearing, the Fund entered into a compromise and release agreement with Zagainoff, approved by the WCJ, settling Zagainoff's claim for the sum of $10,000 plus costs and payment of Zagainoff's medical claims and reserving its reimbursement rights against the employer.

Subsequent to the hearing, at which Butler made no appearance, the WCJ found that because Butler had misrepresented his status as a licensed contractor, he was estopped to deny that he was an independent contractor, and Zagainoff was an employee of Butler rather than Smyth. Smyth was dismissed as a party defendant.

The Fund petitioned for reconsideration, contending that the Board improperly applied the doctrine of estoppel, and that Zagainoff was an employee of Smyth as a matter of law. The Board, with one dissent, affirmed the decision of the WCJ.

Rinaldi contends that Labor Code section 2750.5 is controlling on the issue of employment and mandates a finding that the injured worker was employed by the ultimate hirer, Smyth. Labor Code section 2750.5 states in pertinent part: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. . . . [¶] In addition to the factors [to rebut the employment presumption] contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code *shall hold a valid contractors' license as a condition of having independent contractor status.*" (Italics added.)

In *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd. (Meier)* (1985) 40 Cal.3d 5 [219 Cal.Rptr. 13, 706 P.2d 1146], the Supreme Court held that Labor Code section 2750.5 applies to workers' compensation cases, and that the section makes the required license a condition of having independent contractor status. (*Id.,* at p. 12.) The court concluded that an unlicensed person who had contracted with a homeowner to remodel his home was an employee of the homeowner, and that the homeowner was liable for workers' compensation benefits. The court tied together the public policy toward protecting the public embodied in the contractors' licensing law and the public policy toward protecting injured workers embodied in the workers' compensation law, as follows: "The fundamental policy underlying the workers' compensation laws is that those hiring others to perform services should bear the risk of injuries incurred in the undertakings. When the person seeks to hire the services through a licensed independent contractor, it is reasonable to anticipate that the independent contractor will insure against the risk and that the cost of the insurance will be passed on as part of the price of the contract. Thus it is reasonable to exonerate the hirer of the independent contractor. However, *when the person performing services for which a license is required is unlicensed, the likelihood that he will insure against the risk of injury and has included the insurance cost in the price of his contract is greatly reduced.* [¶] It is not unreasonable for the Legislature to conclude that effective implementation of a system of providing for workers' injuries requires *liability on the part of the ultimate hirer and that he should not be able to avoid liability on the ground that he dealt with a contractor when the contractor lacked a required license.* Whether or not the hirer of the unlicensed contractor must be viewed as negligent in engaging in the hiring, it is apparent that the hirer has little expectation that the contractor will have compensation and liability insurance. While it may seem anomalous to hold that the hirer is liable for compensation only if the

contractor lacks the required license, and that he would not be liable if the contractor were licensed, *the justification is apparent in that the Legislature has sought to assure that both licensed and unlicensed contractors and their employees will have compensation should they be injured on the job.*" (*Id.,* 187 Cal.App.3d. at p. 13, italics added.)

Not addressed in *Meier* was the question whether the ultimate hirer's workers' compensation liability extended to the employees of an unlicensed contractor. That question arose in *Blew* v. *Horner* (1986) 187 Cal.App.3d 1380 [232 Cal.Rptr. 660] (review den.). In *Blew,* a general contractor contended that even if the unlicensed contractor was the general contractor's employee as a matter of law, it did not follow that an employee of the unlicensed contractor was also an employee of the general contractor.

The court in *Blew* found that the Legislature, in enacting Labor Code section 2750.5, "intended all the consequences flowing from that declaration, *including the creation of an employer-employee relationship between the ultimate hirer and the employees of the unlicensed contractor.* We can only assume that the Legislature concluded that an effective workers' compensation system *requires imposition of workers' compensation liability on the part of the ultimate hirer not only for injuries to the unlicensed contractor, but for the employees of that contractor as well.*" (*Blew, supra,* 187 Cal.App.3d at p. 1389, italics added.) The court, citing *Meier,* further stated: "[I]f the subcontractor is unlicensed, workers' compensation liability for his employees will be imposed on the general contractor as a matter of law. If this anomalous result is not what the Legislature intended, it should take appropriate steps to cure the problem. (See *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* [*Meier*], *supra,* 40 Cal.3d at pp. 16-18 (conc. opn. of Mosk, J.).)" (*Blew, supra,* at p. 1390, fn. 5, italics added.)

In *Rinaldi* v. *Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 571 [242 Cal.Rptr. 895], decided in the context of claims for workers' compensation, this court imposed workers' compensation liability upon a licensed contractor for an injury to an employee of an unlicensed and illegally uninsured subcontractor as follows: "Although *Blew* arose in the context of a personal injury action against the ultimate hirer, the principles set forth therein are applicable to the matter before this court. Under the *Blew* holding, *if the subcontractor is unlicensed, workers' compensation liability for the subcontractor's employees will be imposed on the general contractor as a matter of law.*" (*Id.,* at p. 574, italics added.)

Although Labor Code section 2750.5, as interpreted in *Meier, Blew* and *Rinaldi,* mandates a finding that the licensed contractor is liable for an industrial injury to an employee of an unlicensed subcontractor, the Board,

relying on a discussion of estoppel in *Meier,* found that Butler should be estopped from denying his independent contractor status and that the estoppel should also extend to his injured employee.

### Estoppel Against Butler

Evidence Code section 623 provides: "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it." ▪ The essence of an estoppel, if it is applicable at all in these circumstances, is that the party to be estopped has by false language or conduct " 'led another to do that which he would not otherwise have done and as a result thereof that he has suffered injury.' [Citation.] The existence of an estoppel is generally a question of fact, and the party relying on the estoppel must prove all the elements. [Citations.]" (*Meier, supra,* 40 Cal.3d at p. 16.)

▪ Here, as the WCJ found, the evidence of estoppel against Butler is overwhelming. Butler falsely represented that he had two contractor's licenses when, in fact, his license was under suspension. Smyth testified that he would not have entered into the agreement with Butler if he had been aware that Butler was unlicensed. The facts of this case, as found by the WCJ and the Board, establish all the elements of estoppel against Butler. (*Granco Steel, Inc.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 191, 203 [65 Cal.Rptr. 287, 436 P.2d 287].)

### Estoppel Against Zagainoff

▪ Assuming that an estoppel has been established against Butler, Rinaldi contends that the estoppel cannot be extended to the injured worker who made no misrepresentations and was not in privity with his unlicensed and illegally uninsured employer.

Rinaldi points out that in *Meier,* it was the unlicensed contractor himself who was injured and awarded benefits, and that any discussion of estoppel was not necessary to the opinion because, under the facts of that case, the unlicensed contractor had made no misrepresentations. State Fund had failed to establish that the homeowner was misled and would not have entered into the agreement if he had been aware that Meier was unlicensed. Rinaldi contends that the present proceeding is distinguishable, for here estoppel is asserted not only against the party who made the misrepresentation (the unlicensed and illegally uninsured subcontractor), but also against the innocent injured worker who made no misrepresentations.

■ Estoppel binds not only the guilty party, but those in privity with him. (*Lerner* v. *Los Angeles City Board of Education* (1963) 59 Cal.2d 382, 397 [29 Cal.Rptr. 657, 380 P.2d 97].) Who are privies requires careful examination into the circumstances of each case. Although privity is a concept not readily susceptible of uniform definition, the concept has been expanded to refer to "such an identification in interest of one person with another as to represent the same legal rights . . . ." (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 875 [151 Cal.Rptr. 285, 587 P.2d 1098]; *Lerner* v. *Los Angeles City Board of Education supra,* at p. 398.) ■ Neither party has cited authority to the effect that an injured worker, who made no misrepresentations, is so identified in interest with his unlicensed and illegally uninsured employer as to represent the same legal rights.

To the contrary, the court in *Meier* cited with approval *Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd. (Taylor)* (1983) 147 Cal.App.3d 1033, 1038 [195 Cal.Rptr. 564], which held that in the absence of a misrepresentation that he was licensed, there is no basis to estop the worker from establishing that he was unlicensed and, under section 2750.5, an employee. (*Meier, supra,* 40 Cal.3d at p. 16.) We conclude that an injured worker, who made no misrepresentations and is unlicensed, is not in privity with his unlicensed and illegally uninsured employer so that he should be bound by his employer's misrepresentations.

### Estoppel Against the Fund

■ Rinaldi further contends that here, unlike *Meier,* estoppel is being asserted not only against the party who made the misrepresentation but also against the Fund which was established to provide benefits from public funds to the injured worker when the employer is illegally uninsured, a question not before the court in *Meier*. Rinaldi contends that the Fund made no misrepresentations and is not in privity with Butler. ■ Further, estoppel will not ordinarily lie against a governmental agency if the result will be the frustration of a strong public policy. (*Bib'le* v. *Committee of Bar Examiners* (1980) 26 Cal.3d 548, 553 [162 Cal.Rptr. 426, 606 P.2d 733].)

The Fund was created to ensure that workers employed by illegally uninsured employers are not deprived of workers' compensation benefits. (Lab. Code, § 3716, subd. (b).) Although the Fund's obligation is, to a large extent, coextensive with that of the uninsured employer (Lab. Code, §§ 3715, 3716), once the Fund pays the entire award, the Fund becomes subrogated to the employee's claim and may proceed directly against the uninsured employer to recover the entire amount of the award from him. (Lab.

Code, §§ 3717, 3719; *Flores* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 171, 178 [113 Cal.Rptr. 217, 520 P.2d 1033].) But should the employer prove to be insolvent, the Fund will bear the entire financial burden of the award. (*Id.,* at p. 178.) It is apparent from the foregoing that Rinaldi's interests are more closely identified with those of the injured worker, Rinaldi's interests are opposed to those of the uninsured employer, and the Fund is not so identified in interest with Butler as to represent the same legal right.

Moreover, any such identification would be contrary to the strong public policy to protect the public and the injured worker set forth in the Contractors' State License Law (Bus. & Prof. Code, § 7000 et seq.) and the Workers' Compensation Act (Lab. Code, § 3200 et seq.).

■ "The purpose of the Contractors' [State] License Law is to protect the public by prohibiting dishonest, incompetent, inexperienced or financially irresponsible persons from acting as building contractors [citations]." (*Brown* v. *Solano County Business Development, Inc.* (1979) 92 Cal.App.3d 192, 196 [154 Cal.Rptr. 700].) Accordingly, contractors are required by law to be licensed. (Bus. & Prof. Code, §§ 7028-7030.) In order to obtain a license, a contractor must evidence financial solvency (Bus. & Prof. Code, § 7067.5), show a degree of knowledge and experience (Bus. & Prof. Code, § 7068), possess good character (Bus. & Prof. Code, § 7069), and post a contractor's bond (Bus. & Prof. Code, § 7071.6).

The license number is required to be included in all construction contracts and subcontracts and all forms of advertising (Bus. & Prof. Code, § 7030.5), and a contractor cannot bring or maintain an action to collect without alleging and proving that he was duly licensed (Bus. & Prof. Code, § 7031). It is a misdemeanor to act in the capacity of a contractor without a license (Bus. & Prof. Code, § 7028), and merely *entering* into a contract with a contractor while such contractor is not licensed constitutes a cause for disciplinary action against a contractor (Bus. & Prof. Code, § 7118)[1] Aiding or abetting an unlicensed person to evade the law is also cause for discipline of a contractor (Bus. & Prof. Code, § 7114).

The Contractors' State License Law also provides that every person licensed as a contractor is required to report in writing the name and address of the insurer carrying workers' compensation insurance on his employees (Bus. & Prof. Code, § 7125); violation of the foregoing section is a misdemeanor (Bus. & Prof. Code, § 7126). Similarly, Labor Code section 3700

---

[1] The word "knowingly" was deleted from Business and Professions Code section 7118 in 1975.

provides that every employer except the state shall secure the payment of compensation, and the failure to do so is a misdemeanor. (Lab. Code, § 3700.5.) If an employer fails to secure the payment of compensation, any injured employee may file his application with the Board and obtain an award (Lab. Code, § 3715, subd. (a)). The securing of the payment of compensation is declared to be essential to the functioning of the expressly declared social public policy of this state in the matter of workers' compensation (Lab. Code, § 3712, subd. (a)).

■ Although Labor Code section 2750.5 was not designed as a penalty (*Meier, supra,* 40 Cal.3d at p. 15), it is the ultimate hiring contractor, rather than the injured worker or the Fund, who has the opportunity and incentive to check the credentials of the subcontractors he hires.[2] By failing to do so, the hiring contractor not only aids and abets the unlicensed subcontractor, but also sets in motion the chain of events whereby the injured worker is robbed of the protection provided to him by the workers' compensation law.[3]

*Conclusion*

■ The Board's finding that Butler was estopped to deny his independent contractor status is contrary to Labor Code section 2750.5, interpreted in *Meier,* which provides that "any person performing any function or activity for which a license is required . . . *shall hold a valid contractor's license as a condition of having independent contractor status.*" (Italics added.) To decide otherwise would be "to eviscerate if not abrogate [the statute]." (See *Phillippe* v. *Shapell Industries* (1987) 43 Cal.3d 1247, 1264 [241 Cal.Rptr. 22, 743 P.2d 1279].) ■ The Board's finding is also contrary to the holdings in *Blew* and *Rinaldi* that "*if the subcontractor is unlicensed, workers' compensation liability for his employees will be imposed on the general contractor as a matter of law.*" (*Rinaldi, supra,* 196 Cal.App.3d at p. 574, italics added; *Blew, supra,* 187 Cal.App.3d at p. 1390, fn. 5.)

[2] The regulations require that "[t]he Registrar shall establish a system whereby members of the public may obtain from board records information regarding complaints made against licensed contractors, their history of legal actions taken by the board, and license status . . . ." (Cal. Code Regs. tit. 16, § 863.)

[3] When an employer is insured, the injured worker is assured of prompt medical attention, payment of his hospital and medical costs (Lab. Code, § 4600), and immediate payment of temporary total disability, presently set at a maximum of $224 a week, to continue during the healing process. (Lab. Code, § 4650.) Although the weekly amount of temporary total disability is not large, it partially compensates the injured worker for loss of income and allows him to survive during the healing process. Here the injured worker was assured of none of these services; and an ulcer which he had developed in the service, and which he thought was over, "came up on me because no money, bills and everything." It was not until February 4, 1987, almost a year and a half after the injury, that the Fund agreed to hold the injured worker harmless for all liens and medical bills and compensated him in the sum of $10,000 for his temporary and permanent disability.

■ Assuming that an estoppel could be established against the unlicensed and illegally uninsured subcontractor, there is no basis to estop the injured worker, who made no misrepresentations, from establishing that he was unlicensed and, under Labor Code section 2750.5, an employee of the ultimate hiring contractor as a matter of law. ■ The Fund may then proceed against Smyth, as the ultimate hirer who is available and solvent, to recover monies to reimburse it for benefits paid under the compromise and release. (Lab. Code, § 3717.)

The Board's order of May 19, 1987, is annulled, and the matter is remanded to the Board for further proceedings consistent with this opinion. Rinaldi shall recover his costs.

Poché, J., and Sabraw, J., concurred.

The petition of respondent Smyth for review by the Supreme Court was denied May 18, 1988.