Opinion
 

 DABNEY, Acting P. J.
 

 Defendant Moises Aceves (Aceves) appeals from the summary judgment entered in favor of the Aetna Casualty & Surety Company (Aetna) in Aetna’s action for declaratory relief. The judgment established that Aetna had no duty to defend or indemnify Aceves’s employer with respect to injuries Aceves suffered in the course and scope of his employment. Aceves argues on appeal that (1) the trial court invaded the exclusive jurisdiction of the Workers’ Compensation Appeals Board (WCAB) by granting summary judgment in favor of Aetna; (2) the court abused its discretion by granting declaratory relief when doing so created the possibility of inconsistent judgments; and (3) Aetna was estopped to deny
 
 *318
 
 that it provided Aceves’s employer with workers’ compensation insurance coverage. Aetna argues that Aceves himself was estopped from challenging the judgment because he had brought a prior superior court action on a theory inconsistent with his WCAB action.
 

 Factual and Procedural Background
 

 The Accident.
 
 The record indicates that Aceves was employed by Martin Chesler, also doing business as Martin Chesler, Inc. (collectively referred to as Chesler), an irrigation specialist. Richard Bagdasarian, Inc. (Bagdasarian) contracted with Chesler to install an irrigation system on a citrus ranch. Bagdasarian lent Chesler a two-ton truck to clear debris and unload valve covers. On April 24, 1986, Chester's employee, Israel Ramirez, was driving the truck. Aceves fell from the truck when he was unloading a valve cover, and Ramirez ran over him with the truck. Ramirez told an employee of Bagdasarian about the accident; that employee instructed Ramirez to drive with Aceves in the back of the truck to Bagdasarian’s shop to wait for an ambulance. Doing so worsened Aceves’s condition. As a result of his injuries, Aceves suffers permanent paralysis from the waist down.
 

 Aetna’s Action for Declaratory
 
 Relief.
 
 [1]
 
 On October 6, 1986, Aetna filed a complaint for declaratory relief against Aceves, Chester and others. Aetna
 
 *319
 
 alleged that (1) Aceves was injured in the course and scope of his employment with Chesler, (2) Aetna did not insure Chesler when the injury occurred, and (3) Aetna had no obligation to Chesler or Aceves under any policy of insurance. Chesler stipulated that he would not answer the complaint and would be bound by any judgment against Aceves. Aetna then dismissed all defendants except Aceves. In his answer, Aceves alleged on information and belief that Aetna did insure Chesler on the date of the injury and asserted that the WCAB had exclusive jurisdiction of the case.
 

 Aetna moved for summary judgment, claiming that it had insured Chesler for workers’ compensation and contractor’s liability through December 6, 1985, but the policies were not renewed, and Aetna did not cover Chesler on April 24, 1986. Aetna contended that its agent, Van Tanner of Lewis & Hannon, had written to Chesler on November 20, 1985, advising him that his workers’ compensation and contractor’s liability insurance policies would not be renewed unless Chesler contacted its agent and provided information concerning his estimated payroll. Aetna claimed that Chesler never responded to the letter, and Aetna therefore did not renew the policies.
 

 In response, Aceves filed the transcript of Chesler’s deposition. Chesler indicated that he had provided the requested information and had paid a down payment on the contractor’s liability insurance. He asserted that he was unaware his coverage had not been renewed. He stated that if he had ever been informed of a lapse in coverage, he would immediately have obtained new coverage. Aceves simultaneously moved for judgment on the pleadings on the ground that the WCAB had exclusive jurisdiction to determine an insurer’s liability and that granting declaratory relief would be an abuse of discretion.
 

 The trial court denied Aceves’s motion for judgment on the pleadings and granted Aetna’s motion for summary judgment. The judgment stated that Aetna “had no duty to provide Worker’s
 
 [sic]
 
 Compensation benefits because Worker’s [sic] Compensation Policy No. 86 CK 005028 CXA was never issued or delivered and never became effective for the period of January 1, 1986 to January 1, 1987 when the accident occurred on April 24,1986.” The judgment further stated that Aetna “had no duty to defend or indemnify
 
 *320
 
 [Chesler] under a policy of contractor’s liability insurance No. 86 CO 61026 CCAV for the period December 6, 1985 through December 6, 1986, because said policy was canceled flat, was never issued or delivered, and never became effective; . . .”
 

 Discussion
 

 I
 

 Jurisdiction of Superior Court
 

 Ordinarily, “[a]ny person . . . who desires a declaration of his rights or duties with respect to another, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action in the superior court . . . for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. . . .” (Code Civ. Proc., § 1060.) Aceves contends, however, that the superior court lacked jurisdiction over Aetna’s declaratory relief action because the WCAB had exclusive jurisdiction to determine an insurer’s liability.
 

 Article XIV, section 4 of the California Constitution states, “The Legislature is hereby expressly vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers’ compensation, by appropriate legislation, and in that behalf to create and enforce a liability on the part of any or all persons to compensate any or all of their workers for injury or disability, . . . incurred or sustained by the said workers in the course of their employment, irrespective of the fault of any party. A complete system of workers’ compensation includes . . . full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character; all of which matters are expressly declared to be the social public policy of this State, binding upon all departments of the State government.”
 

 Under this grant of power, the Legislature created the WCAB and vested it with exclusive jurisdiction
 
 [2]
 
 over all “[proceedings which in any manner
 
 *321
 
 concern the recovery of compensation [arising from industrial injuries] or any right or liability ‘arising out of or incidental thereto.’ ”
 
 (Santiago
 
 v.
 
 Employee Benefits Services
 
 (1985) 168 Cal.App.3d 898, 901 [214 Cal.Rptr. 679].) In actions before the WCAB, an employer’s insurance carrier may be named as a codefendant and an award may be made directly against the carrier. (Lab. Code, § 3753.)
 
 [3]
 

 II
 

 Jurisdiction to Determine Jurisdiction
 

 No California case directly addresses whether an insurance carrier may bring an action in the superior court for a determination that the insurer did not provide workers’ compensation coverage for an employer. However, if an employer fails to secure payment of compensation benefits, an employee may bring an action in superior court for damages. (Lab. Code, § 3706.)
 
 [4]
 
 Aetna asserts that the superior court had jurisdiction to determine its own jurisdiction, and because Aetna filed its action in superior court before Aceves began proceedings before the WCAB, the superior court action took priority.
 

 In
 
 Scott
 
 v.
 
 Industrial Acc. Com.
 
 (1956) 46 Cal.2d 76 [293 P.2d 18], the court held that whenever a court or board is authorized to act if a certain state of facts exists, it has jurisdiction to determine the existence or nonexistence of those requisite facts. In that case, Scott, an injured employee, sued his employer in the superior court contending that he was not acting in the scope of his employment when the accident occurred.
 
 [5]
 
 The
 
 *322
 
 employer filed an answer denying Scott’s contention. The employer also began proceedings in the Industrial Accident Commission (the predecessor of the WCAB). Scott sought to stay the Industrial Accident Commission proceedings, and the Supreme Court held that he was entitled to such a stay.
 

 The court explained, “The question thus presented is whether the Industrial Accident Commission may, and should, be required to suspend the exercise of its jurisdiction in the proceeding before it because of the pendency of the action in the superior court or on appeal therefrom. The issue is not one of simultaneous exercise of general concurrent jurisdiction; it is, rather, the right of proceeding simultaneously in two tribunals, the jurisdiction of each of which is essentially exclusive of the other, but each of which has the power to make a determination of jurisdiction which, when final, will be conclusive upon the other.”
 
 (Scott, supra,
 
 46 Cal.2d at p. 81.)
 

 The court continued, “In the present situation, ... the two tribunals involved—the superior court on the one hand and the commission on the other—do
 
 not
 
 have concurrent jurisdiction over the whole of the controversy, and one of them will be without jurisdiction to grant any relief whatsoever, depending upon whether or not the injuries were suffered within the course and scope of an employment relationship and so covered by the workmen’s compensation laws. In other words, ... the only point of concurrent jurisdiction of the two tribunals appears to be
 
 jurisdiction to determine jurisdiction;
 
 jurisdiction once determined will be exclusive, not concurrent. [Citations.] If at the time of the accident there was no workmen’s compensation coverage, then the commission is without jurisdiction to grant relief, and if there was such coverage then the superior court is without jurisdiction and must leave the parties to pursue their remedies before the commission. [Citations.] It is elementary that the type and extent of relief which can be granted and the factors by which such relief is determined differ materially between the two tribunals; the superior court cannot award workmen’s compensation benefits, and the commission cannot award damages for injuries, [[f]] The determinations of the commission, like those of the superior court, are res judicata in all subsequent proceedings, including court actions, between the same parties or those privy to them. [Citations.]”
 
 (Scott, supra,
 
 46 Cal.2d at pp. 82-83.)
 

 The court added in dicta that an employer might choose to file an action for declaratory relief in the superior court to determine questions such as insurance carrier liability.
 
 (Scott, supra,
 
 46 Cal.2d at p. 89.) The court stated, “For example, in cases where questions as to . . . insurance carrier liability within the terms of a contract, are close, it may be that an employer . . . would prefer to have those questions decided by the stricter rules governing
 
 *323
 
 court procedures and character of proof rather than the more liberal ones applicable before the Industrial Accident Commission. To that end, the employer might be encouraged to attempt to fix initial jurisdiction in the superior court by immediately filing a declaratory relief action in that court rather than an application for adjudication of claim by the Industrial Accident Commission. Such problems, if they arise, can be met. Perhaps the desirability of further legislative action is indicated. . . .”
 
 (Ibid.)
 

 Aceves contends that the doctrine of jurisdiction to determine jurisdiction does not apply in this case because there is no basis upon which the superior court could have any jurisdiction to determine the rights of Aceves as against the rights of Aetna. In
 
 Scott,
 
 if Scott was not injured in the course and scope of his employment, the superior court had exclusive jurisdiction and could award damages. If Scott
 
 was
 
 injured in the course and scope of his employment, the WCAB had exclusive jurisdiction and could award workers’ compensation benefits. The factual issue which would determine which forum had jurisdiction was whether Scott had been injured in the course and scope of his employment. As noted above, an employee whose injury did not occur while he was acting in the course and scope of employment may bring an action against his employer in superior court for damages. Similarly, Labor Code section 3706 permits an employee who was injured in the course and scope of his employment to bring an action against his employer in superior court for damages if his employer is illegally uninsured.
 

 In
 
 Coleman
 
 v.
 
 Silverberg Plumbing Co.
 
 (1968) 263 Cal.App.2d 74 [69 Cal.Rptr. 158], the heirs of an employee who was killed in an industrial accident brought a wrongful death action in the superior court against the employer and others. One of the defendants, Silverberg, moved for nonsuit on the ground that the plaintiffs failed to plead and prove the lack of insurance coverage which is a prerequisite to an action in superior court by a presumptive employee against a presumptive employer. (Lab. Code, § 3706.) The court stated, “Whether or not Silverberg carried the required workmen’s compensation insurance is a question going to the jurisdiction of the superior court to entertain the action for wrongful death. [Citations.]”
 
 (Coleman, supra,
 
 263 Cal.App.2d at p. 79.) The court noted that the issue of jurisdiction was a question of law which could be raised by a motion for nonsuit.
 
 (Id.,
 
 at p. 80.)
 

 Aceves next contends that the doctrine of concurrent jurisdiction to determine jurisdiction does not apply here because Aceves had dismissed his own Labor Code section 3706 superior court action against his employer under the terms of a settlement agreement. This argument is unpersuasive. Certainly in the context of Aceves’s Labor Code section 3706 action, the
 
 *324
 
 court would have had jurisdiction to determine the threshold issue of insurance coverage, had the issue been raised. The fact that Aceves dismissed his own action did not deprive the superior court of concurrent subject matter jurisdiction to determine the same legal issue raised but not decided in Aceves’s Labor Code section 3706 action. Moreover, Aetna’s action was filed before Aceves filed his workers’ compensation application with the WCAB and his Labor Code section 3706 action. We conclude that the principles announced in
 
 Scott
 
 govern the issue before us. The trial court had jurisdiction over Aetna’s action for declaratory relief.
 

 Ill
 

 Trial Court’s Exercise of Discretion
 

 A trial court has discretion whether or not to entertain an action for declaratory relief.
 
 [6]
 
 Aceves contends that the trial court abused its discretion by taking jurisdiction in this case, because the court created the possibility of inconsistent judgments.
 

 If an employer is found to be uninsured, an injured employee has certain rights to proceed against the Uninsured Employers Fund (Fund), which was set up to pay judgments obtained against uninsured employers. (Lab. Code, § 3715 et seq.) The Fund was not named in Aetna’s suit, and the judgment in that suit therefore cannot bind the Fund. (See, e.g.,
 
 Ball
 
 v.
 
 Citizens Casualty Co.
 
 (1959) 170 Cal.App.2d 590, 591 [339 P.2d 241].) Aceves asserts that the Fund might be able to demonstrate to the WCAB that Aetna
 
 did
 
 insure Chesler at the time of the accident. If so, the Fund would not be liable to Aceves, and Aceves would be left with an unenforceable judgment against Chesler.
 

 Aetna does not directly respond to this argument. Instead, it contends that the superior court’s final determination concerning insurance coverage would be binding on the
 
 WCAB.
 
 Aetna states that “sound public policy [limits] litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy.”
 
 (Bernhard
 
 v.
 
 Bank of America
 
 (1942) 19 Cal.2d 807, 811 [122 P.2d 892].) This proposition, although legally sound, does not respond to Aceves’s argument. The WCAB is a decisionmaking forum, not a party to be bound by a prior judgment. The Fund, in contrast, is commonly joined as a party in cases involving controversies over insurance coverage of employers. As the court explained in
 
 *325
 

 Rinaldi
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1987) 196 Cal.App.3d 571 [242 Cal.Rptr. 895], “Rinaldi, as the Director of the Department of Industrial Relations of the State of California, is the state official responsible for administering the Uninsured Employers Fund. The fund was created to ensure that workers employed by illegally uninsured employers are not deprived of workers’ compensation benefits (Lab. Code, § 3716, subd. (b)).
 
 Rinaldi is aggrieved by the Board’s order, for he is required to pay the award if the employer fails to do so
 
 (Lab. Code, § 3716, subd. (a)).”
 
 (Id.,
 
 at p. 572, fn. 1, italics added.) Thus, although the declaratory judgment is conclusive against Aceves, it cannot be binding on the Fund. (See
 
 Scott, supra,
 
 46 Cal.2d at p. 83.)
 

 Aetna contends that because Aceves agreed in the settlement agreement not to pursue any personal liability against Chesler in a workers’ compensation proceeding, there was no realistic possibility of inconsistent judgments. Determination of this issue would require us to determine the interpretation of and enforceability of the settlement agreement. That issue was not presented for resolution in the trial court, and is not properly before us on appeal. See, e.g., Labor Code section 5001, which states, “No release of liability or compromise agreement is valid unless it is approved by the appeals board . . . .”
 
 (Ibid.;
 
 see also
 
 Chavez
 
 v.
 
 Industrial Acc. Com.
 
 (1958) 49 Cal.2d 711, 702-703 [321 P.2d 449].) The record contains no suggestion that such approval had been obtained.
 

 The issue of possible inconsistent judgments was properly raised before the trial court, yet no measures were taken to lessen or avoid prejudice to Aceves. (Cf. Code Civ. Proc., § 389.)
 
 [7]
 
 A trial court’s exercise of its discretion under section 1061 will be upheld on appeal unless an abuse of discretion is clearly shown. The test of abuse of discretion is “whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. [Citations.]”
 
 (In re Marriage of Connolly
 
 (1979) 23
 
 *326
 
 Cal.3d 590, 598 [153 Cal.Rptr. 423, 591 P.2d 911].) Under the circumstances presented in this case, we conclude that the trial court did abuse its discretion in granting declaratory judgment when the Fund was not joined as a party.
 

 IV
 

 Ruling on Motion for Summary Judgment
 

 Aceves argues that even if the trial court had jurisdiction of the action for declaratory relief, disputed issues of material fact precluded the grant of Aetna’s motion for summary judgment. This theory provides an independent basis for reversal.
 

 “[T]he function of the trial court in ruling on a motion for summary judgment is merely to determine whether [triable] issues of fact exist, and not to decide the merits of the issues themselves. [Citation.] [f] Summary judgment is a drastic measure that deprives the losing party of a trial on the merits. [Citation.] It should therefore be used with caution, so that it does not become a substitute for trial. [Citation.] The affidavits of the moving party should be strictly construed, and those of the opponent liberally construed. [Citation.] Any doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. [Citation.]”
 
 (Molko
 
 v.
 
 Holy Spirit Assn.
 
 (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].)
 

 Aceves’s theory for recovery from Aetna was that Aetna was estopped by the conduct of its agent to deny that it provided worker’s compensation coverage to Chesler when the accident occurred. The elements necessary to establish an estoppel are: “ ‘(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.’ [Citations.]” (Gr
 
 anco Steel, Inc.
 
 v.
 
 Workmen’s Comp. App. Bd.
 
 (1968) 68 Cal.2d 191, 203 [65 Cal.Rptr. 287, 436 P.2d 287].) The existence of an estoppel is generally a question of fact.
 
 (Rinaldi
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1988) 199 Cal.App.3d 217, 223 [244 Cal.Rptr. 637].)
 

 In
 
 Granco,
 
 an authorized agent of an insurance carrier told an employer that workers’ compensation coverage would be obtained and that an order binder was being issued. The employer relied upon these assurances, not knowing that the agent had failed to secure the promised coverage. The court
 
 *327
 
 held that the carrier was estopped to deny coverage.
 
 (Granco, supra,
 
 68 Cal.2d at p. 205.)
 

 Here, on November 20, 1985, Aetna’s agent wrote a letter to Chesler which stated, “So that we may order the renewal, please provide me with the following information:
 

 “Estimated Annual Payroll for 12-6-85 to 12-6-86.
 

 “If I do not hear from you by the expiration dates indicated above I will assume you do not wish for us to renew your coverages and all coverage will cease effective 12:01 A.M. on the dates indicated.
 

 “Please give me a call if you have any questions or would like to discuss the above.”
 

 A jury could reasonably infer from the language of the letter that the workers’ compensation policy would be renewed if Chesler provided the requested payroll information. Chesler stated in his deposition that he “called the agency and [he] related [his] estimated payroll.” He stated that he made the call during the month of November, shortly after receiving the letter. He thereafter assumed that the policy had been renewed, and learned that it had not been renewed when he reported the accident in April. If he had known the policy had not been renewed, he would have immediately obtained other coverage. Chesler did not pay any renewal premium for workers’ compensation insurance coverage. However, he explained that in the past, he had been billed once yearly based on the payroll data he provided. Aetna did bill Chesler for the renewal premium for the contractor’s liability renewal policy mentioned in the November letter, and Chesler made a payment of $642.32.
 

 This evidence and reasonable inferences which could be drawn from it established at least a colorable case of estoppel.
 
 (Granco, supra,
 
 68 Cal.2d at p. 203.) When a motion for summary judgment reveals that triable issues of material fact exist, the motion must be denied. (Code Civ. Proc., § 437c, subd. (c);
 
 Mann
 
 v.
 
 Cracchiolo
 
 (1985) 38 Cal.3d 18, 35 [210 Cal.Rptr. 762, 694 P.2d 1134].)
 

 Aetna contends that the trial court properly granted summary judgment because Chesler’s deposition testimony was “vague, not clear, and . . . ‘not a solid declaration in opposition.’ ” Although Chesler indicated that he could
 
 *328
 
 not remember exactly the conversation he had had with the agent,
 
 [8]
 
 he
 
 did
 
 affirmatively aver that he called the agent’s office and provided the requested payroll data. No more was needed to create a triable issue of fact.
 

 At Chesler’s deposition, no objections were made on the basis of vagueness. Such objections are waived unless they are made at the deposition. (Code Civ. Proc., § 2025, subd. (m)(2).) Moreover, the record does not reflect that Aetna raised an objection on the basis of competency at the hearing in the summary judgment motion. “In determining whether the papers show that there is no triable issue as to any material fact the court
 
 shall
 
 consider all of the evidence set forth in the papers,
 
 except that to which objections have been made and sustained by the court,
 
 and all inferences reasonably deducible from the evidence, . . .” (Code Civ. Proc., § 437c, subd. (c), italics added.) “Evidentiary objections not made at the hearing shall be deemed waived.” (Code Civ. Proc., § 437c, subd. (b).)
 

 As an independent basis for reversal, we conclude that triable issues of fact precluded the grant of Aetna’s motion for summary judgment.
 

 V
 

 Estoppel Against Aceves
 

 Aetna contends that Aceves should be estopped from challenging the decision because of the prior settlement of his superior court action.
 
 [9]
 
 Aetna asserts, “[P]ublic policy and good conscience will not permit the defendant, who received over $1,000,000.00 in compensation, to now bring a new action for the same injuries, based on the shear
 
 [sic]
 
 and impermissible pleading of inconsistent facts.” This attack on Aceves’s position is completely unwarranted by the law and by the facts.
 

 Statutory Right to Bring Two Actions.
 

 Contrary to Aetna’s assertion that “public policy and good conscience” prohibit Aceves from proceeding in two forums, Labor Code sections 3706 and 3715
 
 [10]
 
 have, since 1980, explicitly permitted an employee both to
 
 *329
 
 proceed against an uninsured employer in the WCAB and to sue the employer in the superior court for personal injury damages.
 

 Inconsistent Pleadings.
 

 Aetna has challenged Aceves’s action in bringing a lawsuit against Chesler on the basis that Chesler had no insurance coverage and later filing an application for benefits with the WCAB on the basis that Aetna was Chesler’s insurer. However, on close examination, we conclude that Aceves
 
 did not
 
 plead inconsistent facts. In his unverified civil complaint, Aceves asserted that “Chesler did not have in force and effect a policy of worker’s compensation insurance.” In the form application he filed in the WCAB, Aceves merely filled in Aetna’s name in the space provided for “Employer’s insurance carrier.”
 

 Labor Code section 3700 requires California employers to “secure the payment of compensation.” The jurisdictional prerequisite for a civil action under Labor Code sections 3706 and 3715 is that the employer has “fail[ed] to secure the payment of compensation.” (Lab. Code, § 3706;
 
 Rymer
 
 v.
 
 Hagler
 
 (1989) 211 Cal.App.3d 1171, 1177 [260 Cal.Rptr. 76].) Aceves’s theory of recovery against Aetna was that Aetna was estopped to deny that it provided insurance coverage to Chesler. The equitable theory of coverage by estoppel is consistent with the allegation that Chesler did not have in force and effect a policy of insurance. (See
 
 Rymer, supra,
 
 211 Cal.App.3d at p. 1184, holding that an employer may “secure the payment of compensation” either by obtaining a policy of insurance or by demonstrating coverage by operation of law when the insurer is estopped to deny coverage.)
 

 Moreover, the very first pleading which resulted from the accident was
 
 Aetna’s
 
 complaint for declaratory relief in which Aetna sought a determination that Chesler had no policy of worker’s compensation insurance through Aetna. Aceves was entitled to rely on Aetna’s factual allegation when Aceves brought his own civil action for damages. When, through discovery, it appeared that an estoppel theory might apply, Aceves was entitled to settle and dismiss his civil action and proceed in file WCAB.
 

 A similar situation arose in
 
 Felix
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1974) 41 Cal.App.3d 759 [116 Cal.Rptr. 345]. The court held in that case that an
 
 *330
 
 injured worker could not be estopped from proceeding in his civil action even though he had filed a workers’ compensation claim.
 
 [11]
 
 The court noted that when the injured worker had filed a workers’ compensation claim, he had been unaware of the extent of his employer’s insurance because of employer’s refusal to answer interrogatories. “In such circumstances, it was reasonable for him to file both actions and pursue them concurrently through the discovery stages until it ‘“. . . finally is decided which affords the remedy. . . .” ’ [Citation.]”
 
 (Id.,
 
 at p. 765.)
 

 Estoppel does not apply against Aceves in this case.
 

 Disposition
 

 The judgment is reversed. Appellant shall recover costs on appeal.
 

 Hollenhorst, J., and Timlin, J., concurred.
 

 A petition for a rehearing was denied September 12, 1991, and respondent’s petition for review by the Supreme Court was denied November 27, 1991.
 

 [1]
 

 The accident gave rise to two other proceedings. This appeal does not directly concern those proceedings.
 

 Aceves’s Superior Court Action.
 
 On October 17, 1986, Aceves filed a complaint in superior court alleging that he was injured in the course and scope of his employment with Chesler, that Chesler “did not have in force and effect a policy of worker’s [sic] compensation insurance,” that Ramirez negligently operated the truck, and that Ramirez operated the truck owned by Bagdasarian with Bagdasarian’s permission.
 

 Aceves’s action was dismissed as part of a settlement agreement in March 1987. Under the settlement, Aceves received $1,075,000 from insurance carriers (although the record does not establish which parties the insurance carriers covered). He released Bagdasarian, Ramirez and Chesler, but reserved his right to proceed in his WCAB action against Chesler and Aetna. The settlement released the defendants “except as to Aceves’ claim for Workers’ Compensation benefits against [Chesler] or Israel Ramirez . . . .” Paragraph 4 of the agreement states “This Release does not extend to any claim Aceves has against [Chesler] or Israel Ramirez respecting any Workers’ Compensation benefits. However, Aceves agrees that he will not pursue a claim against [Chesler] or Israel Ramirez for Workers’ Compensation benefits and will cease pursuing any claim against them, if pursuing such a claim will cause any direct financial detriment to them or any other released party. . . . The intent of this paragraph is to allow Aceves to pursue a Workers’ Compensation claim against [Chesler] or Israel Ramirez for benefits to be paid by their Workers’ Compensation carrier (if any), but not at the expense of any of the released parties.”
 

 The settlement agreement further stated, “This Release does not extend [sic] any claim Moisés Aceves has against Aetna Casualty and Surety Company or any other insurance company not named in this Release respected [sic] any Workers’ Compensation policy which was issued to either Martin Chesler, or Martin Chesler, Inc. or Israel Ramirez as the named insureds. This Release does not extend to any insurance company that covers Lewis &
 

 
 *319
 
 Hannon Insurance or Van G Tanner for errors and omissions committed in the handling of the Workers’ Compensation insurance policy for Martin Chesler or Martin Chesler, Inc. or Israel Ramirez.”
 

 Aceves’s WCAB Action.
 
 On April 15, 1987, Aceves filed an application for adjudication of claim before the WCAB. In his action, Aceves named Chesler as his employer and Aetna as Chesler’s insurance carrier. The WCAB action was not adjudicated before judgment was entered in Aetna’s action for declaratory relief.
 

 [2]
 

 Labor Code section 5300 states, “All the following proceedings shall be instituted before the appeals board and not elsewhere, except as otherwise provided in Division 4.
 

 “(a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto.
 

 
 *321
 
 “(b) For the enforcement against the employer or an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee, his dependents, or any third person.
 

 “(e) For obtaining any order which by Division 4 the appeals board is authorized to make.
 

 “(f) For the determination of any other matter, jurisdiction over which is vested by Division 4 in the Division of Industrial Accidents, including the administrative director and the appeals board.”
 

 [3]
 

 “The person entitled to compensation may, irrespective of any insurance or other contract, except as otherwise provided in this division, recover such compensation directly from the employer. In addition thereto, he may enforce in his own name, in the manner provided by this division the liability of any insurer either by making the insurer a party to the original application or by filing a separate application for any portion of such compensation.” (Lab. Code, § 3753.)
 

 [4]
 

 “If any employer fails to secure the payment of compensation, any injured employee . . . may bring an action at law against such employer for damages, as if this division did not apply.” (Lab. Code, § 3706.)
 

 [5]
 

 Unless an employee is injured in the course and scope of his employment, the WCAB has no jurisdiction to adjudicate his claims. (See, e.g.,
 
 Sea World Corp.
 
 v.
 
 Superior Court
 
 (1973) 34 Cal.App.3d 494, 497-502 [110 Cal.Rptr. 232].)
 

 [6]
 

 Code of Civil Procedure section 1061 states, “The court may refuse to exercise the power [to grant declaratory relief] granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all of the circumstances.”
 

 [7]
 

 Section 389 of the Code of Civil Procedure sets forth general principles as to compulsory joinder of parties:
 

 “(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring . . . inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.
 

 “(b) If a person as described in paragraph (1) or (2) of subdivision (a) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person’s absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; . . .”
 

 [8]
 

 The trial court quoted the following deposition testimony as an example of vagueness: “I would imagine, I can’t recall the exact conversation, it was many years ago, but I would imagine I would have said, This is Martin Chesler calling in regards to my Workman’s Compensation policy,’ so and so, and give the policy number.” In his deposition, Chesler also frequently stated phrases such as, “I would have,” I imagine I would have done this,” and “this is the way we did it in the past.” In our view, such qualifying remarks made Chesler’s deposition testimony ambiguous, but did not necessarily establish that Chesler was incompetent to testify about the substance of his conversations.
 

 [9]
 

 Although both parties refer to the dismissal of Aceves’s superior court action, no judgment of dismissal was included in the appellate record.
 

 [10]
 

 Labor Code section 3715, subdivision (a) states, “Any employee . . . whose employer has failed to secure the payment of compensation as required by this division, . . . may,
 
 in
 
 
 *329
 

 addition to
 
 proceeding against his or her employer by civil action in the courts as provided in Section 3706, file his or her application with the appeals board for compensation and the appeals board shall hear and determine the application for compensation in like manner as in other claims and shall make the award to the claimant as he or she would be entitled to receive if the employer had secured the payment of compensation as required, and the employer shall pay the award in the manner and amount fixed thereby or shall furnish to the appeals board a bond, in any amount and with any sureties as the appeals board requires, to pay the employee the award in the manner and amount fixed thereby.” (Italics added.)
 

 [11]
 

 When
 
 Felix
 
 was decided, an employee was required to elect between the two remedies of a WCAB claim and a superior court action for damages.
 
 (Felix, supra,
 
 41 Cal.App.3d at p. 763 & fn. 4.) The law was amended in 1980 to allow an injured worker to proceed in both forums. (Lab. Code, § 3715.)